**In re Harlis SALES and Wilma Fay Sales, Debtors.**

**Household Bank, N.A. (Nevada), and Household Credit Services, Inc., Plaintiffs–Appellees,**

**v.**

**Harlis Sales, Sr., Defendant–Appellant,**

**Wilma Sales, Appellant.\***

BAP No. WO–98–037.

Bankruptcy No. 97–10616.

Adversary No. 97–1138.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 21, 1999.

---

**3.** In *Parker* the identical language in § 1326(b)(1) appeared in the Code at § 1326(a)(1).

\* Wilma Sales and her spouse, Harlis Sales, Sr., filed a joint chapter 7 case. Although joint debt-

ors, Mrs. Sales was not named as a defendant in the underlying adversary proceeding before the bankruptcy court. Despite this fact, she is named as an appellant in the notice of appeal of the bankruptcy court's order to this Court. Since she was not a named party to the proceedings below, she has no standing to appeal, and therefore she is hereby dismissed as a party to this appeal.

Michael J. Rose of Pappas & Rose, P.C., Oklahoma City, Oklahoma, for Defendant–Appellant.

Robert H. Tips (Theodore P. Gibson with him on the brief), of Tips & Gibson, Oklahoma City, Oklahoma, for Plaintiffs–Appellees.

Before CLARK, PEARSON, and ROBINSON, Bankruptcy Judges.

## OPINION

CLARK, Bankruptcy Judge.

The debtor, Harlis Sales, Sr. ("debtor"), appeals an order of the United States Bankruptcy Court for the Western District of Oklahoma denying his motion for attorney's fees and costs pursuant to 11 U.S.C. § 523(d). For the reasons set forth below, this Court reverses the bankruptcy court's order and remands this case for further proceedings consistent with this Opinion.

## I. *Background*

Household Bank, NA (Nevada), and Household Credit Services, Inc. (collectively, "Household") filed an adversary proceeding in the debtor's chapter 7 case, alleging that two credit card debts were nondischargeable under section 523(a)(2)(A), (B), and (C) because the debtor did not have the ability or the intent to repay them. The debtor timely answered Household's complaint, denying that he incurred the debts with no intent to repay.

On September 25, 1997, the bankruptcy court entered a scheduling order, setting, among other things, the trial in the dischargeability action for January 8, 1998. In accordance with the scheduling order, the debtor timely filed his pretrial order. In his pretrial order, the debtor stated that Household had not answered his requests for admissions and, therefore, Household was deemed to have admitted that it did not conduct an investigation into the debtor's accounts regarding fraud prior to the filing of its complaint, that the only reason it filed the action was due to the high balances on the debtor's accounts, that it did not have any facts or evidence sufficient to prove that the

debtor committed fraud, and that the debtor did not commit fraud in relation to the debts involved in the adversary proceeding. The debtor also stated that if the bankruptcy court found the debt to be dischargeable, he should be awarded damages under section 523(d). In a "Chronology of Events" attached as an exhibit to the debtor's pretrial order, the debtor noted that: (1) Household did not attend his meeting of creditors; (2) the debtor timely answered Household's complaint and requests for admissions; (3) the debtor notified Household that it did not wish to settle the case; and (4) Household did not answer the debtor's discovery requests, even though debtor's counsel unilaterally agreed to give it more time, and did not respond to debtor's requests to cooperate in the filing of a pretrial order.

On January 5, 1998, just days prior to the scheduled trial date, the bankruptcy court entered an order granting default judgment to the debtor ("Default Order") pursuant to the terms of the scheduling order, Fed. R.Civ.P. 16 and 37(b)(2)(C), and Fed. R.Bankr.P. 7016. In the Default Order, the court found that Household had failed to comply with its scheduling order because it did not file a pretrial order. The court stated, in pertinent part, that "the Court concludes that the granting of default judgment in favor of [the debtor] is an appropriate sanction against [Household] for its failure to comply with this Court's orders." Default Order, p. 2.

The debtor thereafter filed a motion for award of sanctions and/or attorney's fees pursuant to Fed.R.Bankr.P. 9011 and section 523(d) ("Sanctions Motion"). In the Sanctions Motion, the debtor set forth all of the work that he had done to prepare for trial, and explained how Household had not participated in the pretrial preparation stage at all. The debtor stated that due to Household's failure to take appropriate steps to litigate or withdraw its complaint prior to trial, he was forced to continue with pretrial preparation until the Default Order was entered. As a result, the debtor incurred $2,187.50 in attorney's fees to obtain the Default Order. Eight days after the debtor filed his Sanctions Motion, Household filed a motion to reconsider the Default Order, asserting that its failure to file a pretrial order was due to inadvertence and mistake. Five days after Household filed its motion to reconsider, the bankruptcy court summarily dismissed both motions. In a footnote, the court stated that "[c]ounsel for [the debtor] should note that the granting of default judgment in her client's favor was a 'sanction' against [Household]." Bankruptcy Court Order, p. 1.

The debtor timely filed a motion to reconsider the order denying his Sanctions Motion ("Reconsideration Motion"). In the Reconsideration Motion, the debtor reiterated the facts related to his preparation for trial, and Household's total lack of diligence in pursuing the dischargeability litigation. The debtor noted that although he believed that sanctions under Rule 9011 were appropriate, he was limiting his Reconsideration Motion to consideration of the award of fees and costs under section 523(d). The debtor argued that the bankruptcy court was required to award attorney's fees and costs under the plain language of section 523(d). The debtor also requested a hearing on his Reconsideration Motion.

Without awaiting a response from Household or conducting a hearing, the bankruptcy court subsequently entered an order granting the debtor's Reconsideration Motion, but again denying the debtor's request for attorney's fees and costs under section 523(d) ("Fee Order"). In its Fee Order, the bankruptcy court acknowledged that section 523(d) requires the award of fees and costs if the creditor's position was not "substantially justified." The court concluded, however, that no such finding was ever made by it and, therefore, it was not required to award fees and costs. The debtor timely appealed the bankruptcy court's final order.

## II. *Discussion*

Section 523(d) of the Bankruptcy Code provides:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d). Under section 523(d), if the debtor shows that the creditor filed a dischargeability action under section 523(a)(2), the debt sought to be discharged is a "consumer debt," and that the debt was discharged, the burden shifts to the creditor to show that its position was "substantially justified" or, if not, that "special circumstances" would make an award "unjust." See, e.g., S.Rep. No. 65, 98th Cong., 1st Sess. 58, 59 (1983) (the burden is on the creditor because "it is far easier for the creditor to demonstrate the reasonableness of its action than it is for the debtor to marshal the facts to prove that the creditor was unreasonable."); America First Credit Union v. Shaw (In re Shaw), 114 B.R. 291, 295 (Bankr. D.Utah 1990); Commercial Credit Plan, Inc. v. Carter (In re Carter), 101 B.R. 702, 705 (Bankr.E.D.Okla.1989). If, in the bankruptcy court's discretion, it finds that the position of the creditor was not substantially justified and that there are no special circumstances that would make the award unjust, it is required, as argued by the debtor, to award fees and costs to the debtor under section 523(d). Thus, the bankruptcy court's determination of whether the position of a creditor is "substantially justified" or whether "special circumstances" exist is typically reviewed for abuse of discretion. See Pierce v. Underwood, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (in determining whether trial court erred in finding that an action was not "substantially justified" under the Equal Access to Justice Act, the appellate court applies an abuse of discretion standard of review); AT&T Universal Card Servs. Corp. v. Williams (In re Williams), 224 B.R. 523, 527–28 (2nd Cir. BAP 1998); Citizens Nat'l Bank v. Burns (In re Burns), 77 B.R. 822,

823 (D.Colo.1987) (the addition of the "substantially justified" standard to § 523(d) in 1984, increased a court's discretion to deny an award of fees), aff'd, 894 F.2d 361 (10th Cir.1990); accord Carter, 101 B.R. at 705.

▬ In this case, the bankruptcy court ruled on the debtor's Reconsideration Motion without a hearing and without awaiting a response from Household. Its Fee Order is essentially a statement that it was refusing to address the elements of section 523(d). Thus, the abuse of discretion standard of review does not apply in this case. Rather, the bankruptcy court's refusal to make any findings on whether Household's position was "substantially justified" or whether "special circumstances" existed as required under the plain language of section 523(d) is in and of itself reversible error. Furthermore, based on the record before us and the analysis below, it is clear that fees and costs, including the debtor's fees and costs related to this appeal, are warranted as a matter of law. Household's admissions, and its failure to conduct discovery, to respond to discovery, or to prepare a pretrial order do not constitute " the conduct of one who believes its position is substantially justified." Bank of New York v. Le (In re Le), 222 B.R. 366, 368 (Bankr.W.D.Okla.1998). Thus, the case must be remanded to the bankruptcy court to determine the amount of the fees and costs to be awarded.

At oral argument before this Court, Household admitted that "special circumstances" do not exist in this case. Rather, it argues that its position was "justifiable" because the debtor had run up debt in a short period of time, and he did not have sufficient income to pay his debts. These unsupported allegations are of no consequence inasmuch as, by failing to answer the debtor's requests for admissions, Household has admitted that it did not investigate its complaint prior to filing, that the debtor did not engage in fraud, and that its only basis for filing the adversary complaint against the debtor was the existence of high credit card balances. Fed.R.Civ.P. 36(a) ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties

may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."); Fed.R.Bankr.P. 7036 (making Rule 36 applicable in bankruptcy proceedings). Under Fed.R.Civ.P. 36(b), these admissions "conclusively" establish[1] that Household's position in its section 523(a)(2) action was not "substantially justified" under the standard that the Tenth Circuit has indicated applies. *Citizens Nat'l Bank v. Burns (In re Burns)*, 894 F.2d 361, 362 n. 2 (10th Cir.1990).[2]

■ A creditor's admission that a section 523(a)(2) complaint was not investigated and that there was no basis for the complaint, such as Household admitted in this case, falls squarely within the ambit of what section 523(d) was meant to prevent—abusive filings by creditors in order to obtain settlement or reaffirmation leverage. As the legislative history to section 523(d) states:

> The debtor may be awarded costs and a reasonable attorney's fee for the proceeding to determine the dischargeability of a debt under subsection (a)(2), if the court finds that the proceeding was frivolous or not brought by its creditor in good faith.

> The purpose of this provision is to discourage creditors from initiating proceedings to obtain a false financial statement exception to discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start

and are contrary to the spirit of the bankruptcy laws.

S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5865–5866.

■ The bankruptcy court's position that entry of the Default Order against Household was a sufficient "sanction" is untenable because it does not deal with what section 523(d) was meant to address: a creditor's filing of a dischargeability action to increase its hopes of settling or reaffirming a debt with the debtor. A plausible interpretation of this ruling is that the Default Order constituted "special circumstances" that would make an award of fees and costs unjust. However, if default of an action were considered to be "special circumstances" that would make a section 523(d) award "unjust," fees and costs would not be awarded in some of the most egregious forms of unfair collection tactics meant to be addressed by section 523(d). While entry of a default judgment may be sufficient if the creditor proves "substantial justification" or "special circumstances" exist, it should not serve as a substitute for the award of fees and costs under section 523(d) when such standards have not been met.

■ Our holding today makes clear that a creditor's failure to pursue its action may give rise to sanctions under section 523(d). *Accord First Card v. Leonard (In re Leonard)*, 158 B.R. 839 (Bankr.D.Colo.1993) (§ 523(d) fees and costs were awarded to the debtor in part because the creditor did not conduct any discovery prior to filing its complaint); *ITT Consumer Fin. Corp. v. Mull*

---

1. Under Rule 36(b), Household could have moved the bankruptcy court for withdrawal or amendment of the admissions; however, it failed to do so.

2. In *Burns*, the Tenth Circuit stated that, in interpreting § 523(d), the fee shifting provision under the Equal Access to Justice Act ("EAJA") should be looked to for guidance. 894 F.2d at 362 n. 2; *see* 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has defined the term "substantially justified" under the EAJA as follows:

   We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather

"justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulated by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.

*Pierce v. Underwood*, 487 U.S. 552, 565–66, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted).

*(In re Mull)*, 122 B.R. 763 (Bankr.W.D.Okla. 1991) (in addition to failing to attend the debtors' meeting of creditors, creditor "also made no effort even after the adversary proceeding was filed, through normal discovery procedures, to ascertain the accuracy of its unsupportable assumption with regard to debtors' liabilities."); *Associates Professional Executive Servs., Inc. v. Bernard (In re Bernard)*, 85 B.R. 864 (Bankr.D.Colo.1988) (an award under § 523(d) is warranted where a creditor repeatedly and unjustifiably failed to cooperate in the debtor's discovery efforts, failed to comply with the court's discovery orders, and failed to appear at trial). In addition, the applicability of section 523(d) is not limited to situations in which there has been a hearing on the merits of the dischargeability complaint. In *Mull*, the court aptly stated:

> [Section 523(d) ] would constitute a poor remedy indeed if a creditor could institute unjustified litigation and avoid the consequences of its actions by simply dismissing the litigation on the eve of trial. In *West Springfield M.E. Credit Union v. Finnie (In re Finnie)*, 21 B.R. 368 (Bankr.D.Mass. 1982), plaintiff announced on the day of trial that the § 523(a)(2) count in his complaint would not be pursued. Debtor sought relief under § 523(d), and the court's discussion of that provision begins with the following:

> .    .    .    .    .

> I would agree with the debtor that § 523(d) does not require a judgment on the dischargeability of a debt under subsection (a)(2) for the court to award costs and reasonable attorney's fees. If the purpose is to discourage the initiation of such complaints for the purpose of obtaining a settlement, the section must be made applicable to any action initiated under § 523(a)(2) which involves a consumer debt, and not just to those actions which result in an affirmative judgment. [footnote omitted.] Any other reading of the statute would permit creditors to press their complaints in the hopes of settlement and, if none appeared, to withdraw their claim prior to judgment.

*Mull*, 122 B.R. at 766 (second alteration in original). The scenario discussed in *Mull* is equally relevant in the context of a creditor who files an uninvestigated complaint and then is defaulted. Here, the potential for abuse is similar. The creditor files a complaint pursuant to section 523(a)(2), regardless of the strength of the case, hoping to gain leverage against a debtor. If the debtor has the wherewithal to employ counsel and contests the creditor's complaint, the creditor simply drops prosecution of the case and allows default to be entered. In the meantime, the debtor must incur fees and costs to defend himself or herself. These fees and costs are likely not even payable from the estate, thereby impeding the debtor's fresh start. Such unfair collection activities are exactly why Congress enacted section 523(d), and they cannot be tolerated by the courts if we are to avoid becoming mere collection houses for credit card companies at the taxpayer's expense.

Although the evidence is not in the record before us, the law firm for the creditor in the case, Tips & Gibson, has previously been admonished by the Bankruptcy Court for the Western District of Oklahoma:

> The plaintiff and its attorneys are put on notice, however, that continuation of the conduct described in this order in other proceedings may compel the court to inquire whether or not it is done for an improper purpose such as to harass or cause needless increase in the cost of litigation. If it is so determined, the court then may impose penalties sufficient to deter repetition of their conduct or comparable conduct by others similarly situated.

*Le*, 222 B.R. at 371.

### III. *Conclusion*

For the reasons set forth above, the bankruptcy court's Fee Order is reversed. The matter is remanded to the bankruptcy court so that the parties may file the appropriate pleadings to allow the bankruptcy court to award fees and costs to the debtor under section 523(d).