**In re Deborra S. GOOD, doing business as That's Dancin' Studio, Debtor.**

**Carol S. Dimeff, Plaintiff – Appellant,**

v.

**Deborra S. Good, Defendant – Appellee.**

**BAP No. NM–02–022.**
**Bankruptcy No. 7–99–13657 MS.**
**Adversary No. 99–1190–M.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Aug. 7, 2002.

Submitted on the briefs: *

Carol S. Dimeff, pro se.

George M. Moore of George M. Moore & Associates, Albuquerque, New Mexico, for defendant—appellee.

Before PUSATERI, CLARK, and BOHANON, Bankruptcy Judges.

OPINION

CLARK, Bankruptcy Judge.

Carol S. Dimeff ("Dimeff") appeals an order of the United States Bankruptcy Court for the District of New Mexico awarding Deborra S. Good, the Chapter 7 debtor ("Debtor"), attorney's fees pursuant to 11 U.S.C. § 523(d), and an order denying her motion for reconsideration of the

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

fee award ("Reconsideration Order"). The Debtor has moved to dismiss the appeal for lack of appellate jurisdiction ("Motion to Dismiss"). For the reasons set forth below, the Court hereby GRANTS the Debtor's Motion to Dismiss in part, DENIES the Motion to Dismiss in part, and AFFIRMS the bankruptcy court's Reconsideration Order.[1]

### I. Background

Prior to the filing of the Debtor's Chapter 7 petition, Dimeff obtained a credit card and allowed the Debtor to use it to purchase a car. The Debtor ultimately returned the credit card to Dimeff, but she did not repay the credit card debt. Dimeff sued the Debtor in a New Mexico court for the unpaid debt, and she moved for summary judgment. When the Debtor did not respond to Dimeff's summary judgment motion the State Court deemed her to have admitted the facts asserted in Dimeff's complaint, and entered judgment against her in the amount of approximately $7,000, plus interest.

Shortly after entry of the State Court's judgment, the Debtor filed her Chapter 7 petition. Dimeff timely commenced an adversary proceeding against the Debtor in the bankruptcy court seeking a determination that the Debtor's debt to her was nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(4), and requesting that the Debtor's discharge be denied under 11 U.S.C. § 727(a)(4). On March 15, 2001, after the entry of a Pretrial Order

and a trial, the bankruptcy court entered its Findings of Fact and Conclusions of Law and a Judgment in favor of the Debtor, dismissing Dimeff's complaint ("Underlying Judgment"). The bankruptcy court refused to deny the Debtor's discharge, holding that Dimeff had failed to meet her burden of proof under § 727(a)(4). It also did not except the Debtor's debt to Dimeff from discharge under § 523(a)(2)(A), because Dimeff presented no proof that the Debtor had made a false representation in using Dimeff's credit card.[2] On April 19, 2001, Dimeff moved to set the Underlying Judgment aside, but her motion was denied by the bankruptcy court by an order entered on July 23, 2001.

After entry of the Underlying Judgment, the Debtor filed a motion pursuant to 11 U.S.C. § 523(d) ("Fee Motion"), and an application detailing the fees and costs requested ("Application"). Dimeff responded to the Fee Motion and the Application, the parties engaged in discovery, and several hearings were held. The bankruptcy court took the Fee Motion and Application under advisement following the conclusion of a final hearing.

On February 20, 2002, the bankruptcy court entered two separate documents disposing of the Fee Motion: a "Memorandum Opinion," and an "Order Granting in Part Defendant's Motion for Award of Attorney's Fees" ("Fee Motion Order"). In the Memorandum Opinion, the bankruptcy court stated that Dimeff was required to pay the Debtor's fees as required under

---

**1.** Dimeff has requested that the Court allow her to exempt certain items from her Appendix and to file a brief without a table of cases. In reviewing this appeal and the Motion to Dismiss, we have considered the record as submitted by Dimeff, and, therefore, her motion is granted.

**2.** The court did not make any findings of fact or conclusions of law under § 523(a)(4) be-

cause Dimeff conceded in the Pretrial Order that she had no cause of action under that section. Findings of Fact and Conclusions of Law, *in* Appellee's Appendix at 2. Dimeff contests the validity of the Pretrial Order, but such arguments are of no consequence in light of our dismissal of Dimeff's appeal of the Underlying Judgment.

§ 523(d) because (1) it was undisputed that Dimeff had commenced an action against the Debtor under § 523(a)(2)(A) and that the Debtor's debt to Dimeff was discharged by the Underlying Judgment; (2) the debt in question was a credit card debt and a "consumer debt"; (3) Dimeff failed to prove that her § 523(a)(2)(A) action was substantially justified; and (4) Dimeff failed to show that special circumstances prevented the imposition of a fee award under § 523(d). Although the Debtor was entitled to fees under § 523(d), the bankruptcy court only allowed a portion of the fees requested in the Application. It concluded that fees attributable to the portion of the adversary proceeding dealing with § 523(a) and the Fee Motion could be billed to Dimeff under § 523(d), but that any fees related to litigation of the § 727(a) cause of action could not.

The separate Fee Motion Order entered by the bankruptcy court in conjunction with the Memorandum Opinion states: "IN ACCORDANCE with the Court's Memorandum filed herewith, IT IS HEREBY ORDERED that Defendant's Motion for Award of Attorney's Fees is GRANTED. ORDERED FURTHER, that Defendant is hereby awarded $1,865.50, plus applicable gross receipts taxes." Fee Motion Order, *in* Appellee's Appendix at 23.

On March 4, 2002, the bankruptcy court, apparently on its own initiative, entered a second document related to the Fee Motion and Application, entitled "Judgement" ("Fee Judgment"). The Fee Judgment states: "IN ACCORDANCE with the Court's Memorandum Opinion and Order entered previously, the Court hereby enters judgment in favor of Defendant Deborra S. Good, and against Plaintiff Carol S. Dimeff in the amount of $1,865.50, plus applicable gross receipts taxes." Fee Judgment, *in* Appellee's Appendix at 26.

On March 8, 2002, sixteen days after entry of the Fee Motion Order, but only four days after entry of the Fee Judgment, Dimeff filed a "Motion for the Court to Reconsider Award of Attorney Fees" ("Reconsideration Motion"), and a Notice of Appeal, stating that she was appealing the Fee Judgment. On or about March 19, 2002, the bankruptcy court denied the Reconsideration Motion by entering the Reconsideration Order.

On March 28, 2002, within ten days of the entry of the Reconsideration Order, Dimeff filed an "Amended Notice of Appeal"[3] appealing the Fee Judgment as well as the Reconsideration Order. Although the Underlying Judgment, dismissing her §§ 523(a)(2) and 727(a)(4) complaint, is not mentioned in either Dimeff's Notice of Appeal or Amended Notice of Appeal, papers filed herein indicate that Dimeff also contests the Underlying Judgment.

The Debtor has moved to dismiss Dimeff's appeal, arguing that the Court lacks appellate jurisdiction because Dimeff's attempt to appeal the Underlying Judgment is untimely, as is her appeal of the Fee Judgment and Reconsideration Order. Dimeff contests the Debtor's Motion to Dismiss.

## II. *Discussion*

■ Section 158(a)(1) of title 28 of the United States Code grants this Court appellate jurisdiction over "final judgments, orders, and decrees" entered by a bankruptcy court. 28 U.S.C. § 158(a)(1); *see id.* at § 158(b)–(c). "[A] decision is ordinarily considered final and appealable un-

---

**3.** On March 26, 2002, this Court entered an Order dismissing the appeal for failure to prosecute, because Dimeff had not paid a filing fee. This Order was later vacated, however, when Dimeff paid the fee and filed her Amended Notice of Appeal.

der [§ 158(a)(1)] only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)), *quoted in Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 768 (10th Cir. BAP 1997).

■ Appeals of "final judgments, orders or decrees" must be filed within the time set forth in Fed.R.Bankr.P. 8002. This Rule states, in relevant part, that:

(a) *Ten–Day Period.* The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.... A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry on the day thereof....

(b) *Effect of Motion on Time for Appeal.* If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: ... (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion

outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal.

Fed.R.Bankr.P. 8002(a)–(b). It is well-established that Rule 8002 "'is strictly construed and requires strict compliance,' and the failure to timely file a notice of appeal is 'a jurisdictional defect barring appellate review.'" *Lopez v. Long (In re Long),* 255 B.R. 241, 243 (10th Cir. BAP 2000) (quoting *Deyhimy v. Rupp (In re Herwit),* 970 F.2d 709, 710 (10th Cir.1992)); *see generally Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)) (timely appeal is jurisdictional prerequisite).

Based on this law and for the reasons stated below, the Debtor's Motion to Dismiss must be partially granted, because Dimeff's appeal of the Underlying Judgment and the bankruptcy court's award of fees under § 523(d) is untimely under Rule 8002. But, also for the reasons stated below, Dimeff's appeal of the final Reconsideration Order is timely, and thus, the Court partially denies the Debtors' Motion to Dismiss and, upon review, concludes that the bankruptcy court must be affirmed.

A. *The Court Lacks Jurisdiction Over Dimeff's Untimely Attempt to Appeal the Underlying Judgment*

■ Under Rule 8002(a), Dimeff was required to file a notice of appeal within ten days from the entry of a final judgment, or within ten days of the entry of an order resolving a timely-filed motion of the kind set forth in Rule 8002(b). The Underlying Judgment, dismissing Dimeff's §§ 523(a)(2) and 727(a)(4) complaint, was a "final" judgment when it was entered on

March 15, 2001. *See* 28 U.S.C. § 158(a)(1); *Quackenbush,* 517 U.S. at 712, 116 S.Ct. 1712; *Nelson v. Tsamasfyros (In re Tsamasfyros),* 940 F.2d 605, 606 (10th Cir. 1991) (implicitly concluding that § 523(a)(2) judgment is a "final" judgment ripe for appeal); *Holaday v. Seay (In re Seay),* 215 B.R. 780, 785 (10th Cir. BAP 1997) (§ 727(a)(4) judgment is a "final" judgment ripe for appeal). Assuming that her motion to set the Underlying Judgment aside was timely-filed and suspended the ten-day period from commencing when the Underlying Judgment was entered under Rule 8002(b), Rule 8002(a) and (b) required Dimeff to file a notice of appeal within ten days of July 23, 2001, the date that the bankruptcy court entered its order denying Dimeff's motion to set aside. Dimeff's Notice of Appeal, however, was filed many months later, on March 8, 2002. To the extent that Dimeff has attempted to appeal the Underlying Judgment in her March 8th Notice of Appeal, therefore, the appeal must be dismissed as untimely.

 In so holding, we have considered the effect of the Debtor's Fee Motion on the time to appeal the Underlying Judgment, and we have concluded that it does not toll the period to appeal the final Underlying Judgment. Rule 8002(b), which discusses the effect of certain types of motions on the ten-day period set forth in Rule 8002(a), does not state that the filing of a motion requesting fees, such as the Debtor's Fee Motion, suspends the ten-day period. And it is well-established that a motion requesting fees, such as the Debtor's Fee Motion, filed after the entry of a final, appealable judgment, such as the Underlying Judgment, does not extend the time to appeal the final judgment. *See* Fed.R.Civ.P. 58; Fed.R.Bankr.P. 9021; *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (in a federal cause of action, a

decision on the merits is a final judgment whether or not there remains for adjudication a request for attorney's fees attributable to the case if the fee dispute will not alter, moot or revise the underlying judgment) (citing cases); *accord EEOC v. Wal–Mart Stores, Inc.,* 187 F.3d 1241, 1250 (10th Cir.1999) (challenge to attorney fee award must be pursuant to timely filed notice of appeal from order awarding fees); *Lancaster v. Independent Sch. Dist. No. 5,* 149 F.3d 1228, 1237 (10th Cir.1998) (attorney's fees awarded as sanctions are collateral to the merits). Specifically, a discharged debt is a prerequisite to and totally independent of an action for an award of fees under § 523(d). *See generally* 11 U.S.C. § 523(d); *Household Bank, N.A. v. Sales (In re Sales),* 228 B.R. 748, 752 (10th Cir. BAP 1999) (consumer debt must be discharged to bring action under § 523(d)). Resolution of the Fee Motion in no way affected the Underlying Judgment and, thus, did not affect the finality of the Underlying Judgment. The Fee Motion, therefore, did not affect the time to appeal the Underlying Judgment, and Dimeff's failure to timely file a notice of appeal from the Underlying Judgment requires that we dismiss any appeal from that Underlying Judgment for lack of appellate jurisdiction.

B. *The Court Lacks Jurisdiction Over the Bankruptcy Court's Award of Fees Pursuant to 11 U.S.C. § 523(d)*

 Dimeff's appeal of the bankruptcy court's § 523(d) award must also be dismissed for lack of appellate jurisdiction because her Notice of Appeal is untimely under Rule 8002. Analysis of the timeliness of this portion of Dimeff's appeal depends on whether the time to appeal under Rule 8002 commenced upon the bankruptcy court's entry of the Fee Motion Order or upon its entry of the Fee

Judgment. For the reasons set forth below, we conclude that the entry of the Fee Motion Order commenced the ten-day period under Rule 8002(a), and, therefore, Dimeff's Notice of Appeal, filed sixteen days after the entry of the Fee Motion Order, was not timely filed.

Rule 8002 requires that a notice of appeal be filed no later than ten days from the "entry" of a judgment, order or decree, or ten days from the "entry" of an order disposing of a timely-filed post-trial motion of the kind set forth in Rule 8002(b). A "judgment" is defined under the Federal Rules of Bankruptcy Procedure as any "appealable" order. Fed.R.Bankr.P. 9001(7) & 9002(5). Similarly, Fed. R.Bankr.P. 9014 and Fed.R.Bankr.P. 7054 make Fed.R.Civ.P. 54(a) applicable in bankruptcy contested matters and adversary proceedings, and Rule 54(a) states that a " '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384 n. 4, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam) ("A 'judgment' for purposes of the Federal Rule of Civil Procedure would appear to be equivalent to a 'final decision' as that term is used in 28 U.S.C. § 1291 [or 28 U.S.C. § 158(a)(1)].")

A judgment or order is "entered" when it is entered in compliance with Fed. R.Bankr.P. 9021. *See* Fed.R.App.P. 4(a)(7) (stating that a judgment or order is entered for purposes of calculating the time to appeal when it is entered in compliance with Fed.R.Civ.P. 58, made applicable in bankruptcy under Fed.R.Bankr.P. 9021). Federal Rule of Bankruptcy Procedure 9021, entitled "Entry of Judgment," states:

> Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

Fed.R.Bankr.P. 9021. Rule 58 of the Federal Rules of Civil Procedure, in turn, states:

> Subject to the provisions of Rule 54(b): (1) ... upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief ... the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule [5003]. Entry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees.... Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

Fed.R.Civ.P. 58. Federal Rule of Bankruptcy Procedure 5003 provides: "The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case.... The entry of a judgment or order in a docket shall show the date the entry is made." Fed.R.Bankr.P. 5003(a). "The purpose of [Rule 58 and Bankruptcy Rule 9021] is to eliminate confusion about when the clock for an appeal begins to run." *Trotter v. Regents of Univ. of N.M.,* 219 F.3d 1179, 1183 (10th Cir.2000); *accord Mallis,* 435 U.S. at 384, 98 S.Ct. 1117.

■ The Fee Motion Order, which was entered separately from but concurrently with the bankruptcy court's Memorandum Opinion, is a "separate document" under Fed.R.Civ.P. 58 and Fed.R.Bankr.P. 9021 that granted the relief sought by the Debtor in the Fee Motion, stated that the Debtor was awarded a set sum of $1,865.50, · is signed by the bankruptcy judge, and, for the reasons set forth above, is "final" under 28 U.S.C. § 158(a)(1). *See In re Cahn,* 188 B.R. 627, 629–30 (9th Cir. BAP 1995) (order containing language disposing of motions and signed by the court is an appealable order and, thus, a judgment); *Sales,* 228 B.R. at 751 (§ 523(d) order is a final appealable order). There is nothing in the record indicating that the Fee Motion Order was intended to be anything but "the court's final directive" on the Fee Motion and Application, *Trotter,* 219 F.3d at 1183, and it left no " 'uncertainty about whether final judgment ha[d] entered.' " *United States v. Torres,* 282 F.3d 1241, 1244 (10th Cir.2002) (quoting *Clough v. Rush,* 959 F.2d 182, 185 (10th Cir.1992)). The Fee Motion Order was entered on the docket by the bankruptcy court clerk on February 20, 2002, and thus, under Fed.R.Civ.P. 58 and Fed.R.Bankr.P. 5003 and 9021, it became "effective" on that date. *See Coones v. Mutual Life Ins. Co.,* 168 B.R. 247, 258 (D.Wyo.1994), *aff'd,* 56 F.3d 77, 1995 WL 316153 (10th Cir. 1995). When the Rule 58 Fee Motion Order was entered and became effective, the Debtor and Dimeff had no reason to believe that it was anything other than an appealable order or a "judgment" under Rules 7054, 9001(7) and 9002(5), to which the ten-day period in Rule.8002(a) applied. Accordingly, under Rule 8002(a), Dimeff was required to file a notice of appeal from the Fee Motion Order no later than March 4, 2002. Her Notice of Appeal filed on March 8, 2002, therefore was untimely under Rule 8002(a).

We recognize that if the Fee Judgment recommenced the time to appeal, Dimeff's notice of appeal would be timely, because it was filed within ten days of the entry of the Fee Judgment. But, well-established law makes clear that the bankruptcy court's later entry of the redundant Fee Judgment did not recommence the time to appeal under Rule 8002. In *F.T.C. v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 97 L.Ed. 245 (1952), the Court stated:

Petitioner tells us that the application must be deemed to be in time because "when a court actually changes its judgment, the time to appeal or petition beings to run anew irrespective of whether a petition for rehearing has been filed." We think petitioner's interpretation of our decisions is too liberal.

While it may be true that the Court of Appeals had the power to supersede the judgment of July 5 with a new one, it is also true ... that the time within which a losing party must seek review cannot be enlarged just because the lower court in its discretion thinks it should be enlarged. Thus, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.

The judgment of September 18, which petitioner now seeks to have us review,

does not meet this test. It reiterated, without change, everything which had been decided on July 5.

*Id.* (footnotes omitted), *quoted in St. Paul Fire & Marine Ins. Co. v. Continental Casualty Co.,* 684 F.2d 691, 693 (10th Cir. 1982); *accord Farkas v. Rumore,* 101 F.3d 20, 22–23 (2d Cir.1996) (per curiam) (time for appeal ran from date of original judgment disposing of claims, rather than from date court reentered judgment where later judgment did not alter disposition); *see* Fed.R.Civ.P. 60(a) (court may *sua sponte* correct clerical errors after appeal is filed). As in *Minneapolis–Honeywell,* the Fee Judgment merely reiterates the Fee Motion Order, and in no way substantively changes the relief afforded in the Fee Motion Order. Thus, the time to appeal commenced when the Fee Motion Order was entered, and did not recommence after the entry of the Fee Judgment.

■ Finally, the ten-day period set forth in Rule 8002(a) was not suspended under Rule 8002(b) due to the filing of Dimeff's Reconsideration Motion. Rule 8002(b), which is quoted above, states that it applies to "timely" motions of the type specified in subsections (1)–(4) thereto. Fed.R.Bankr.P. 8002(b). Although motions for reconsideration are not recognized by the Federal Rules of Civil Procedure or Bankruptcy Procedure or listed in Rule 8002(b)(1)–(4), *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Long,* 255 B.R. at 244, Dimeff's Reconsideration Motion could be considered (1) a motion to alter or amend a judgment under Fed.R.Bankr.P. 9023, which makes Fed.R.Civ.P. 59(e) applicable in bankruptcy proceedings; (2) a motion for a new trial under Rule 9023, which makes Fed. R.Civ.P. 59(a)–(d) applicable in bankruptcy proceedings; or (3) a motion for relief under Fed.R.Bankr.P. 9024, which makes, with certain exceptions not applicable here,

Fed.R.Civ.P. 60 applicable in bankruptcy proceedings. Fed.R.Bankr.P. 8002(b)(2)–(4). Pursuant to 8002(b), all of these motions suspend the ten-day period to appeal under Rule 8002(a), but to be "timely" within the meaning of Rule 8002(b), must be filed within ten days of the entry of the judgment or order in question. Fed. R.Civ.P. 59(b) & (e); Fed.R.Bankr.P. 8002(b)(4) (although motions made under Fed.R.Civ.P. 60(b) can be made within a reasonable time or no later than one year after entry of the judgment, Fed. R.Bankr.P. 8002(b)(4) limits the time to file a Rule 9024 motion for its purposes to no later than ten days from the entry of the judgment in question). Dimeff's Reconsideration Motion was filed on March 8, 2002, sixteen days after the entry of the Fee Motion Order and, therefore, did not suspend the ten-day period to appeal. Thus, Dimeff's untimely appeal of the bankruptcy award of fees to the Debtor under § 523(d) must be dismissed for lack of appellate jurisdiction.

### C. *The Bankruptcy Court Did Not Err in Entering the Reconsideration Order*

■ Federal Rule of Bankruptcy Procedure 8002(b) states that a party intending to appeal an order disposing of a post-judgment motion must file an amended notice of appeal within ten days of the bankruptcy court's entry of the order. Here, Dimeff's Amended Notice of Appeal, listing the Reconsideration Order as an order appealed, was timely filed, because it was filed within ten days of the bankruptcy court's entry of the final Reconsideration Order. The parties have consented to this Court's appellate jurisdiction as they have not elected to have this appeal reviewed by the United States District Court for the District of New Mexico. Accordingly, we have jurisdiction to consider the Reconsideration Order. *See* 28 U.S.C. § 158(a)–(c); Fed.R.Bankr.P. 8001(e).

As discussed above, motions for reconsideration are not recognized by the Federal Rules of Civil Procedure or Bankruptcy Procedure. *Van Skiver*, 952 F.2d at 1243; *Long*, 255 B.R. at 244. But, Dimeff's Reconsideration Motion, which was filed more than ten days after the entry of the Underlying Judgment and the Fee Motion Order, could be considered a motion for relief under Fed.R.Bankr.P. 9024, which makes, with certain exceptions not applicable here, Fed.R.Civ.P. 60(b) applicable in bankruptcy proceedings. *Id.*

Rule 60(b) provides that:

On motion and upon such terms as are just, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud … misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver*, 952 F.2d at 1243 (citing cases). Thus, we review the bankruptcy court's Reconsideration Order for abuse of discretion. *Id.; accord Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir.1995). Having reviewed Dimeff's Reconsideration Motion and supporting Memorandum of Law and the bankruptcy court's Reconsideration Order, we do not have " 'a definite and firm conviction that the [bankruptcy] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.' " *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir. 1991)). As stated by the bankruptcy court, the issues presented in the Reconsideration Motion were raised or should have been raised by Dimeff prior to entry of the Fee Motion Order, and, therefore, relief under Rule 60(b) is inappropriate. Reconsideration Order, *in* Appellant's Appendix at 137; *accord Van Skiver*, 952 F.2d at 1243.

### III. *Conclusion*

For the reasons stated above, the Motion to Dismiss is GRANTED in part and DENIED in part, and any appeal of the Underlying Judgment and Fee Motion Order is DISMISSED. The bankruptcy court's Reconsideration Order is AFFIRMED.