**In re Justin Lynn PAPPAN and Keri Lynn Pappan, also known as Keri Lynn Ramsey, Debtors.**

**Commercial Federal Bank, Plaintiff—Appellant,**

v.

**Justin Lynn Pappan and Keri Lynn Pappan, Defendants— Appellees.**

**BAP No. WO–05–044.**
**Bankruptcy No. 04–11834–BH.**
**Adversary No. 04–01170–BH.**

United States Bankruptcy Appellate Panel for the Tenth Circuit.

Dec. 5, 2005.

680

Richard A. Chapman, Tulsa, Oklahoma, for Plaintiff—Appellants.

James L. Menzer of Menzer Law Offices, P.C., Blackwell, Oklahoma, for Defendants—Appellees.

Before McFEELEY, Chief Judge, NUGENT, and THURMAN, Bankruptcy Judges.

## OPINION

THURMAN, Bankruptcy Judge.

Commercial Federal Bank (CFB) appeals a Order entered by the United States Bankruptcy Court for the Western District of Oklahoma under 11 U.S.C. § 523(d)[1] requiring CFB to pay a portion of the attorney's fees and costs that the Chapter 7 debtors incurred in successfully defending CFB's non-dischargeability action against them. For the reasons set forth below, the bankruptcy court's Order is AFFIRMED.

### I. *Appellate Jurisdiction*

This Court has jurisdiction over this appeal. CFB timely appealed the bankruptcy court's Order,[2] and the Order entered under § 523(d) is a final order.[3] The parties consent to this Court's jurisdiction over the appeal because they have not elected to have it heard by the United States District Court for the Western District of Oklahoma.[4]

### II. *Background*

The debtors, Keri Lynn and Justin Lynn Pappan, purchased a home from Robert A. Howard. To finance this purchase, the debtors executed a promissory note in favor of Mr. Howard, and granted him a mortgage against the home (Howard Mortgage).

Close in time to the purchase of their home, the debtors borrowed funds from CFB, who was Mrs. Pappan's employer.

**1.** Unless otherwise stated, all future statutory references in the text are to title 11 of the United States Code.

**2.** Fed. R. Bankr.P. 8002(a).

**3.** 28 U.S.C. § 158(a)(1); *see, e.g., Household Bank, N.A. v. Sales (In re Sales)*, 228 B.R. 748,

751 (10th Cir. BAP 1999) (order entered under § 523(d) is a final order), *cited in Dimeff v. Good (In re Good)*, 281 B.R. 689, 697 (10th Cir. BAP 2002).

**4.** 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

This loan was secured by a mortgage against the home. CFB's loan officer knew about the Howard Mortgage when the loan was advanced. CFB waited four months to record its mortgage and, therefore, it was second in priority to the Howard Mortgage, which had been recorded earlier.

The debtors refinanced the CFB loan several times while Mrs. Pappan was still employed by CFB. Each transaction was handled by Becky Bezdek, the same CFB loan officer who worked with the debtors on the initial loan.

In the last refinance transaction, CFB refinanced the debtors' loan without conducting a title search on the property. Ms. Bezdek prepared the requisite paperwork, including a "Borrowers Affidavit," incorrectly stating that there were no other existing liens against the property, which the debtors executed.

Several months after the debtors filed their Chapter 7 petition, and prior to conducting any discovery, CFB commenced an adversary proceeding against them, seeking to except the loan debt from discharge under § 523(a)(2)(A) and (a)(2)(B) based on the non-disclosure of the Howard Mortgage in the Borrowers Affidavit. CFB's complaint states that the Borrowers Affidavit was "filled out in Defendant's [sic] own hand writing." [5] CFB also alleged in its complaint that when the Borrowers Affidavit was made, it did not know about the Howard Mortgage.

The debtors answered CFB's complaint, and moved for partial summary judgment as to the § 523(a)(2)(B) cause of action. The bankruptcy court entered an Order granting the debtors' motion for partial summary judgment, and dismissing the § 523(a)(2)(B) cause of action. It stated that "[t]he parties agree that [the Borrowers Affidavit] is not a financial statement within the meaning of 11 U.S.C. § 523(a)(2)(B) ...." [6]

After a trial on the § 523(a)(2)(A) cause of action, the bankruptcy court entered judgment in favor of the debtors, refusing to except their debt to CFB from discharge and dismissing CFB's complaint (Section 523 Judgment). The bankruptcy court found that, contrary to the allegations in CFB's complaint, Ms. Bezdek had prepared the Borrowers Affidavit, and that "at most," the debtors signed the Affidavit by mistake. [7] It concluded that CFB failed to prove that the debtors obtained the debt by false pretenses, a false representation or actual fraud. CFB did not appeal the Section 523 Judgment.

The debtors filed an application under § 523(d), alleging that CFB's § 523(a)(2) complaint was not "substantially justified," and requesting that CFB be required to pay their attorney's fees and costs (Fee Application). CFB objected to the Fee Application, maintaining that its complaint was substantially justified and that special circumstances existed to make a fee award unjust.

The bankruptcy court entered an Order granting the Fee Application (Fee Order). It awarded the debtors attorney's fees and costs totaling $5,092.04, which was one-half of the fees and costs requested in the Fee Application.

This appeal followed.

---

**5.** Complaint ¶ 4, in Appellant's Appendix at Tab 3.

**6.** Order Sustaining Defendants' Partial Summary Judgment Motion ¶ 4, in Appellees' Appendix at Tab 2.

**7.** Supplemental Findings of Fact and Conclusions of Law at 2, in Appellant's Appendix at Tab 9.

## III. *Discussion*

■ The sole issue before this Court is whether the bankruptcy court erred in awarding the debtors attorney's fees and costs under § 523(d), which provides:

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.[8]

In *Household Bank, N.A. v. Sales (In re Sales),*[9] this Court stated the following about this section:

Under section 523(d), if the debtor shows that the creditor filed a dischargeability action under section 523(a)(2), the debt sought to be discharged is a "consumer debt," and that the debt was discharged, the burden shifts to the creditor to show that its position was "substantially justified" or, if not, that "special circumstances" would make an award "unjust." If, in the bankruptcy court's discretion, it finds that the position of the creditor was not substantially justified and that

there are no special circumstances that would make the award unjust, it is required ... to award fees and costs to the debtor under section 523(d).[10]

The parties do not dispute that CFB's complaint was brought under § 523(a)(2), that the debt arising from the CFB loan is a "consumer debt," or that the debt was discharged. The only issue is whether the bankruptcy court erred in concluding that CFB failed to prove that its § 523(a)(2) action was not substantially justified, or in finding that CFB presented no special circumstances to make a § 523(d) award unjust.

■ Despite CFB's arguments to the contrary,[11] it is well-established that a "bankruptcy court's determination [under § 523(d)] of whether the position of a creditor is 'substantially justified' or whether 'special circumstances' exist is ... reviewed for abuse of discretion."[12] Under this standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[13] As discussed below, the bankruptcy court did not abuse its discretion in holding that CFB's § 523(a)(2) action was not "substantially justified," or in concluding that CFB had failed to show special circumstances to make its award unjust.

---

8.  11 U.S.C. § 523(d).

9.  228 B.R. 748, 752 (10th Cir. BAP 1999).

10.  *Id.* (citations omitted).

11.  CFB cites *Lentz v. Spadoni (In re Spadoni),* 316 F.3d 56 (1st Cir.2003), for the proposition that a substantial justification conclusion is reviewed *de novo. Spadoni,* however, is decided under § 523(a)(2)(A), and is in no way authority on the standard of review under § 523(d).

12.  *Sales,* 228 B.R. at 752; *accord Pierce v. Underwood,* 487 U.S. 552, 560, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)("substantial justification" determination under the Equal Access to Justice Act is reviewed for abuse of discretion); *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir.1995) (same); *see* discussion in section III.A *infra* as to the application of *Pierce* in § 523(d) determinations.

13.  *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (citation and quotation omitted).

A. *The bankruptcy court did not abuse its discretion in holding that CFB's § 523(a)(2) action was not "substantially justified."*

■ In *Citizens National Bank v. Burns (In re Burns),*[14] the Court of Appeals for the Tenth Circuit stated that § 523(d) is based on § 2412(d)(1)(A) of the Equal Access to Justice Act (EAJA), which requires the payment of fees and costs to a prevailing party, unless the plaintiff's position is "substantially justified or that special circumstances make an award unjust."[15] Interpretations of the phrase "substantially justified" in the EAJA, therefore, govern interpretation of the same phrase in § 523(d).[16]

■ In *Pierce v. Underwood,* the Court interpreted the EAJA phrase "substantially justified" as follows:

[A]s between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"-that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" .... To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.[17]

The Tenth Circuit has stated that to meet the "reasonable in law and fact" test set forth in *Pierce,* the party attempting to prove substantial justification for its action must show: "a reasonable basis for the facts asserted; a reasonable basis in the law for the legal theory proposed; and support for the legal theory by the facts alleged."[18]

■ Based on this law, we conclude that the bankruptcy court did not abuse its discretion in concluding that CFB's § 523(a)(2) action against the debtors was not "substantially justified."[19] The bankruptcy court found, and CFB does not dispute, that CFB neither attended the debtors' § 341 meeting of creditors nor otherwise conducted discovery prior to filing its § 523(a)(2) complaint. In fact, CFB did not conduct *any* investigation as to the specific circumstances surrounding the numerous transactions between itself and the debtors that culminated with the last refinanced loan prior to filing its complaint. A simple inquiry of its *own* files and employees would have discovered that: Ms. Bezdek had an ongoing relationship with the debtors and knew of or should have known of the Howard Mortgage; CFB delayed four months in recording its initial mortgage against the home resulting

---

14. 894 F.2d 361, 362 n. 2 (10th Cir.1990).

15. 28 U.S.C. § 2412(d)(1)(A).

16. *Burns,* 894 F.2d at 362 n. 2 (quoting S.Rep. No. 98–65, at 9–10 (1983)), *cited in Sales,* 228 B.R. at 753 n. 2.

17. 487 U.S. 552, 565–66, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted), *quoted in Commissioner v. Jean,* 496 U.S. 154, 158 n. 6, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *Sales,* 228 B.R. at 753 n. 2.

18. *Harris v. Railroad Retirement Bd.,* 990 F.2d 519, 520–21 (10th Cir.1993) (citing *Gatson v. Bowen,* 854 F.2d 379, 380 (10th Cir.1988));

*accord Gilbert,* 45 F.3d at 1394; *Gutierrez v. Sullivan,* 953 F.2d 579, 585 (10th Cir.1992).

19. *See, e.g., Sales,* 228 B.R. at 753–54 (citing *First Card v. Leonard (In re Leonard),* 158 B.R. 839 (Bankr.D.Colo.1993) (§ 523(d) fees and costs were awarded to the debtor in part because the creditor did not conduct any discovery prior to filing its complaint); *ITT Consumer Fin. Corp. v. Mull (In re Mull),* 122 B.R. 763 (Bankr.W.D.Okla.1991) (§ 523(d) fees and costs awarded where creditor did not attend meeting of creditors and did not conduct discovery)).

in its lien position being second in priority to the Howard Mortgage; Ms. Bezdek, not the debtors, prepared the Borrowers Affidavit; and CFB failed to conduct a title search on the home prior to presenting the debtors with the Borrowers Affidavit containing the incorrect statement regarding the existence of prior liens. CFB's total failure to investigate the § 523(a)(2) action prior to filing it shows that it did not have a reasonable basis for the facts that it asserted. As a result, we do not have a definite and firm conviction that the bankruptcy court erred in concluding that CFB's § 523(a)(2) complaint was not substantially justified.

We note while CFB steadfastly maintains that it did not file its complaint in a bad faith effort to obtain a settlement from the debtors,[20] the fact remains that as a result of its failure to conduct any investigation of its own records prior to bringing its complaint, the Chapter 7 debtors were forced to incur attorney's fees and costs in defending a complaint that had no reasonable basis in fact in order to avoid a possible default judgment being entered against them. Such unfounded interference with the debtors' fresh start is exactly what § 523(d) attempts to avoid.[21]

B. *The bankruptcy court did not abuse its discretion in refusing to find that special circumstances in this case made its § 523(d) award unjust.*

 Section 523(d) states that even if a creditor's position in a § 523(a)(2) action is not "substantially justified," a creditor may not be required to pay a debtor's attorney's fees and costs if it shows that "special circumstances" exist that would make an award "unjust." The bankruptcy court held that CFB did not meet its burden to show special circumstances. We agree.

CFB argued to the bankruptcy court that the special circumstances existed because Mrs. Pappan worked for CFB for four years. Without presenting any evidence at the Fee Application hearing, CFB maintained that both debtors should have known to disclose the Howard Mortgage because, based on testimony elicited at the trial on the § 523(a)(2) complaint, it was clear that they were "educated people."[22] CFB further contends on appeal that the bankruptcy court erred in failing to find special circumstances given the debtors' long borrowing history with CFB. Neither of these arguments, however, prove the existence of special circumstances and, given the entire record in this case, we conclude that the bankruptcy court did not abuse its discretion in holding that CFB failed to meet its burden of establishing special circumstances.

### IV. *Conclusion*

Based on the foregoing, we conclude that the bankruptcy court did not abuse its discretion in awarding the debtors attorney's fees and costs against CFB under § 523(d). As a result, the Fee Order is AFFIRMED.

---

20. *See Sales,* 228 B.R. at 753 (§ 523(d) "was meant to prevent ... abusive filings by creditors in order to obtain settlement or reaffirmation leverage.")

21. *Id.*

22. Transcript at 7, in Appellant's Appendix at Tab 13. In holding that CFB failed to meet its burden of proving special circumstances, the bankruptcy court stated that it did not explain to the court what the special circumstances are. This record reveals that CFB in fact did explain what it believed were special circumstances. The bankruptcy court's statement, however, is harmless error because its failure to consider this argument does not change the result. *See* 28 U.S.C. § 2111.