In re Gary W. LONG, II, Debtor.

Carlos A. Lopez and Sharon K. Lopez,
Plaintiffs—Appellants,

v.

Gary W. Long, II, Defendant—Appellee.

BAP No. KS–00–040.
Bankruptcy No. 98–21529.
Adversary No. 99–6042.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Nov. 22, 2000.

Submitted on the briefs: *

Laurence M. Jarvis, Kansas City, Kansas, for Plaintiffs—Appellants.

Defendant—Appellee Gary W. Long, II, did not appear or file a brief.

Before BOULDEN, CORNISH, and MATHESON, Bankruptcy Judges.

## OPINION

BOULDEN, Bankruptcy Judge.

Carlos A. Lopez and Sharon K. Lopez (Plaintiffs) appeal an order of the United States Bankruptcy Court for the District of Kansas dismissing their complaint to determine the dischargeability of a debt *sua sponte* and a journal entry denying two motions for reconsideration of the dismissal order. We are unable to review the bankruptcy rulings for lack of an adequate record on appeal, and therefore we affirm.

## I. Background

The background of this case as it is set forth herein is gleaned from both the limited appendix submitted on appeal and assertions made by Plaintiffs in their opening brief. Plaintiffs assert that on April 27, 1999, they filed with the bankruptcy court a petition objecting to the discharge of a judgment that they obtained against the debtor prepetition. Plaintiffs also maintain that on December 1, 1999, the debtor filed an objection to Plaintiffs' petition. The bankruptcy court accepted the petition as a complaint (Complaint)[1] and the objection as an answer[2] pursuant to Fed. R. Bankr.P. 7007.

It is further alleged by Plaintiffs that a hearing was held on March 7, 2000. At that hearing, Plaintiffs state, the bankruptcy court dismissed Plaintiffs' Complaint *sua sponte* for failure to plead fraud with sufficient particularity, and the bankruptcy court also denied the Plaintiffs' request to amend the Complaint.[3]

The appellate record indicates that on March 21, 2000, fourteen days after the Complaint was ordered dismissed on the record, Plaintiffs filed a Motion For Reconsideration Of And To Set Aside Dismissal Order With Leave To Amend Complaint (Post-judgment Motion). Three days later, on March 24, 2000, the bankruptcy court entered a written order dismissing Plaintiffs' Complaint (Dismissal Order).[4] Then, on April 6, 2000, thirteen days after the entry of the Dismissal Or-

---

\* After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal, and therefore grants Plaintiffs' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012-1(a). The case is therefore submitted without oral argument.

1. The petition/complaint is not part of the appellate record.

2. The objection/answer is not part of the appellate record.

3. No written ruling or transcript of the March 7, 2000, hearing is part of the appellate record. In any event, the Plaintiffs' brief states that the transcript of the hearing does not contain the request to amend the Complaint.

4. Although the Dismissal Order is not part of the appellate record, the bankruptcy court's May 26, 2000, Journal Entry indicates such an order was entered on March 24, 2000.

der, the Plaintiffs filed a Supplemental Motion For Reconsideration Of And To Set Aside The Entry of Judgment Dismissing Their Claim; For Entry of Judgment; Or, In The Alternative, For Leave To Amend Their Complaint (Supplemental Post-judgment Motion).

The Post-judgment Motion and Supplemental Post-judgment Motion came on for hearing before the bankruptcy court on May 17, 2000, whereupon both were denied.[5] At Plaintiffs' request, the bankruptcy court executed a Journal Entry Denying Plaintiffs' Motion For Reconsideration And Plaintiffs' Supplemental Motion For Reconsideration (Journal Entry), on May 26, 2000. The Journal Entry indicates that both motions were denied and that the Dismissal Order would not be set aside. Further, the Journal Entry states that "the Court stated on the record that several conference hearings had been held in the adversary proceeding and that the reasons for its original ruling dismissing the complaint were already stated." Appellants' Appendix, Document 5; Journal Entry at 2. The Plaintiffs filed a notice of appeal on June 2, 2000, appealing the Dismissal Order and the subsequent Journal Entry denying the Post-judgment Motion and the Supplemental Post-judgment Motion (collectively, the Motions).

## II. Appellate Jurisdiction

■ The parties have consented to this Court's jurisdiction in that they have not elected to have the appeal heard by the United States District Court for the District of Kansas. 28 U.S.C. § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (d). Despite the consent to our jurisdiction, however, we must first determine if we have jurisdiction to consider the merits of this appeal. *See Semtner v. Group Health Serv.*, 129 F.3d 1390, 1392 (10th Cir.1997).

■ The threshold issue in establishing jurisdiction of this appeal is determining if the notice of appeal was timely filed. *See Parker v. Board of Public Utils.*, 77 F.3d 1289 (10th Cir.1996). The time for filing a notice of appeal is set forth in Fed. R. Bankr.P. 8002(a) which states in relevant part: "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from...." Rule 8002 "is strictly construed and requires strict compliance," and the failure to timely file a notice of appeal is "a jurisdictional defect barring appellate review." *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir.1992); *accord Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

■ In this case, Plaintiffs' notice of appeal was not filed until several months after the Dismissal Order. However, we must consider whether the Motions tolled the ten-day period. Certain post-judgment motions extend the mandatory ten-day time limit in Fed. R. Bankr.P. 8002(a). Pursuant to Fed. R. Bankr.P. 8002(b)(2), if a motion is filed to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e)[6] within the ten-day limit, the time for appeal will be extended until the entry of an order disposing of the motion. A motion for relief from a judgment or order pursuant to Fed.R.Civ.P. 60(b), which may, in certain instances, be filed up to one year after entry of the judgment, will also extend the time for appeal of the judgment, but only if the motion is filed no later than ten days after the entry of the judgment. Fed. R. Bankr.P. 8002(b)(4). If a party

---

5. No transcript of the May 17, 2000, hearing was submitted as part of the appellate record, although the bankruptcy court referenced the hearing in its May 26, 2000, Journal Entry.

6. With exceptions not relevant here, Fed. R.Civ.P. 59(e) and 60(b) are made applicable to the bankruptcy courts pursuant to Fed. R. Bankr.P. 9023 and 9024 respectively. *See In re Woods*, 173 F.3d 770, 778 (10th Cir.1999) (recognizing the application of Fed.R.Civ.P. 60(b) to bankruptcy courts); *Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.)*, 798 F.2d 396, 399 (10th Cir.1986) (recognizing the application of Fed.R.Civ.P. 59(e) to bankruptcy cases).

makes a timely motion as specified in Fed. R. Bankr.P. 8002(b), the time for appeal runs from the entry of the order disposing of the last motion.

It is important to note first that the Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). Therefore, we must examine whether the Plaintiffs' Motions should be viewed as motions to alter or amend the Dismissal Order pursuant to Fed.R.Civ.P. 59(e), or as motions seeking relief from the Dismissal Order pursuant to Fed R. Civ. P. 60(b). *See Weitz v. Lovelace Health System, Inc.*, 214 F.3d 1175, 1178 (10th Cir.2000); *Campbell v. Bartlett*, 975 F.2d 1569, 1580 n. 15 (10th Cir.1992). Which Rule applies depends essentially on the time the motion is served. *Van Skiver*, 952 F.2d at 1243. If a motion is served within ten days of the entry of judgment, the motion will ordinarily fall under Fed.R.Civ.P. 59(e). *Id.* If the motion is served after that time, it falls under Fed.R.Civ.P. 60(b). *Id.* Thus, we must examine the timeliness of the underlying motions and then construe the motions within the applicable rule.[7]

Plaintiffs' Post-judgment Motion was filed fourteen days after the Complaint was dismissed in open court and three days prior[8] to the entry of the Dismissal Order. The fact that the Post-judgment Motion was filed after the bankruptcy court announced the action that it would take, but before formal entry of the Dis-

missal Order embodying that action, does not alter its status under Fed.R.Civ.P. 59(e). *See Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989). Although the Post-judgment Motion must have been filed no later than ten days after entry of the Dismissal Order, the ten-day limit is a maximum and does not preclude the making of such a motion before final judgment is entered. *Id.; see* 12 James William Moore, *Moore's Federal Practice* § 59.11[1][b] at 59–33 (3d ed. 1997) ("The Advisory Committee Notes to the 1995 amendments to Rule 59 noted that the . . . phrase ['no later than'] is used rather than the word 'within' to include post-judgment motions that sometimes are filed before the actual entry of the judgment by the clerk.") (citation omitted). Therefore, we conclude that the filing of the Post-judgment Motion acted to extend the time in which to file an appeal from the Dismissal Order. The Post-judgment Motion was finally determined by entry of the Journal Entry, and the Plaintiffs filed a timely notice of appeal from that decree. Thus, we may review both the Dismissal Order and the Post-judgment Motion insofar as the record permits.

Contrary to the reference contained therein,[9] the Supplemental Post-judgment Motion may not be construed as a Fed. R.Civ.P. 59(e) motion because it was filed thirteen days after the entry of the Dismissal Order. *See, e.g., Weitz*, 214 F.3d at 1179 ("Rule 59 provides no exception to the ten-day rule"). It was, however, timely under Fed.R.Civ.P. 60(b) because it was

---

7. The Post-judgment Motion does not contain any reference to the Rule under which it was filed. The Supplemental Post-judgment Motion references Fed.R.Civ.P. 59(e), but was not filed within ten days of the entry of the Dismissal Order.

8. The appendix is void of any order, transcript, or reference indicating that the Complaint was dismissed prior to the March 24, 2000, reference in the bankruptcy court's Journal Entry.

9. Plaintiffs have not argued that "unique circumstances" exist, and we find none, to permit us to overlook Plaintiffs' failure to comply

with the ten-day requirement under Fed. R.Civ.P. 59(e) and treat this Supplemental Post-judgment Motion as raising the bankruptcy court's underlying judgment for review. *See Van Skiver*, 952 F.2d at 1243 n. 3 (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)). *Cf. Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir.1996) (distinguishing the limited review of *Van Skiver* by allowing review of a dismissal order when appellant's notice of appeal is filed within thirty days after the lower court's entry of the order); *In re Furst*, 206 B.R. 979 (10th Cir. BAP 1997).

filed within one year of the entry of the Dismissal Order.

Therefore, the Post-judgment Motion was filed in a manner that would extend, pursuant to Fed. R. Bankr.P. 8002, the time in which to appeal the Dismissal Order. The Supplemental Post-judgment Motion was also timely filed under Fed. R. Civ. P. 60(b). All motions were ruled upon in the Journal Entry, and the notice of appeal from that order was timely filed. We therefore have jurisdiction over this appeal.

## III. Discussion

 The dismissal of a complaint for failure to plead fraud with sufficient particularity is reviewed de novo and "confines its analysis to the text of the complaint." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 302, 148 L.Ed.2d 242 (2000). When faced with a lower court's grant or denial of a Fed.R.Civ.P. 59(e) or 60(b) motion, we review the grant or denial for abuse of discretion. *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir.2000); *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir.2000). In this case, however, we are unable to review the Dismissal Order or the Journal Entry because we lack an adequate record on appeal.

 Pursuant to Fed. R. Bankr.P. 8009(b) and 10th BAP L.R. 8009–1(a), "an appellant must file an appendix containing excerpts of the record 'sufficient for consideration and determination of the issues on appeal.' The court need not remedy any failure of counsel to provide an adequate appendix." *Tuloil, Inc. v. Shahid (In re Shahid)*, 254 B.R. 40, 43 (10th Cir. BAP 2000) (citing BAP L.R. 8009–1(a)) (citation omitted). Indeed, when the record on appeal fails to include copies of the documents necessary to decide an issue on

appeal, this Court is unable to rule on that issue and may summarily affirm the bankruptcy court. *United States v. Vasquez,* 985 F.2d 491, 494 (10th Cir.1993), *cited in Gowan v. United States Dep't of the Air Force,* 148 F.3d 1182, 1192 (10th Cir.), *cert. denied,* 525 U.S. 1042, 119 S.Ct. 593, 142 L.Ed.2d 535 (1998).

 The record submitted by Plaintiffs on appeal indicates several fatal omissions precluding our review. In their proffered appendix the Plaintiffs failed to provide the Complaint, and such omission prevents our review of the propriety of dismissal for failure to plead fraud with particularity. *See Koch,* 203 F.3d at 1236 (limiting review of a dismissal order to the text of the complaint and, thus, effectively requiring that the complaint be presented to the reviewing court). They also failed to include the Dismissal Order referenced by the bankruptcy court in its Journal Entry. Neither do we have any transcripts of the relevant hearings, including a transcript from the March 7, 2000, hearing in which Plaintiffs assert that the Complaint was dismissed, or a transcript from the May 17, 2000, hearing in which the bankruptcy court denied Plaintiffs' Motions. Also, the Journal Entry indicates that several conference hearings had been held in the adversary proceeding and that the reasons for the bankruptcy court's original ruling dismissing the complaint were already stated. The record now before us offers no transcripts from the conference hearings, nor any transcripts from any other hearings to support Plaintiffs' argument. Absent these documents, we are not privy to the facts and analysis utilized by the bankruptcy court in the Dismissal Order or in denying Plaintiffs' Motions. Thus, we are unable to make any determination concerning the propriety of the bankruptcy court's ruling.[10]

---

10. Moreover, even if we were to look outside the proffered appendix to any documents in the appellate file which may supplement Plaintiffs' appeal, none exist to permit our review. *Cf. Shahid,* 254 B.R. at 43 (exercising the court's discretion to review the merits of the appeal when the operative document was "readily available" and no dispute existed as to its content).

## IV. Conclusion

For the reasons set forth above, the bankruptcy court's Dismissal Order and Journal Entry denying the Motions is AFFIRMED.