*847
ORDER

William Lawrence Hogan, a Tennessee resident proceeding pro se, appeals an order of the Bankruptcy Appellate Panel (“BAP”) which affirmed a bankruptcy court order entered November 15, 2001, denying his motion for reconsideration of the bankruptcy court’s opinion and order entered October 26, 2001, granting summary judgment in favor of the defendant, Frank M. DiCicco. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
The facts as summarized by the BAP are as follows: Prior to the filing of Hogan’s bankruptcy petition, the defendant obtained a state court judgment based on a breach of contract claim against Hogan in the amount of $98,576.70. In relation to that contract, Hogan signed a performance bond in favor of the defendant. The performance bond was secured by assignments to the defendant of an unrelated note and deed of trust made by O.T. Sykes and his wife, Betty O. Sykes, which were payable to Hogan. The assignments were memorialized by the execution of two Assignments of Deed of Trust that were then filed in the office of the State of Tennessee, Shelby County Register.
While the state court action that eventually resulted in the $98,576.70 judgment in favor of the defendant was pending, the Sykes were ordered to make their monthly payments, that would eventually go to either Hogan or the defendant, to the Shelby County Chancery Court Clerk and Master. On March 24, 1992, a consent order was entered in the state court proceeding permitting the Clerk and Master to pay out all funds collected from the Sykes to the defendant. Hogan’s attorney, Hunter Lane, Jr., authorized counsel for the defendant, Erich W. Merrill, to sign Mr. Lane’s name to the order indicating Hogan’s consent to the payment of these funds to the defendant. A total of $31,637.00 was paid to the defendant from the Clerk and Master.
On June 4, 1992, Hogan filed a chapter 13 bankruptcy petition and plan. A small portion ($913.00) of the amount paid to the defendant from the Clerk and Master was paid subsequent to Hogan filing his chapter 13 petition and plan. Under his chapter 13 plan, Hogan treated the defendant’s debt as unsecured and paid him 30% or $29,573.01 of the approximate $98,000.00 debt owed. Hogan’s chapter 13 discharge was entered December 22,1998.
During the time the chapter 13 was pending and thereafter, the defendant also continued to collect the monthly payments from the Sykes on the performance bond and assignments. On May 31, 2001, Hogan filed an adversary complaint against the defendant asserting that the defendant had violated the discharge injunction by wrongfully collecting money on a debt owed to the defendant by Hogan.
On October 25, 2001, the bankruptcy court entered an opinion and order on cross motions for summary judgment in the adversary proceeding. The bankruptcy court found in favor of the defendant. In summary, the bankruptcy court found that the defendant had not violated the discharge injunction and that while the defendant could not attempt to obtain funds from Hogan, the defendant could collect the remainder of the funds due from the Sykes pursuant to the terms of the assignments of the deed of trust. The bankruptcy court referred Hogan to the state court for a determination of issues regarding whether the judgment had been fully satisfied, ie., whether post-judgment interest had been paid in full.
Hogan did not appeal the bankruptcy court’s order. Rather, eleven days later, *848 he filed a motion for reconsideration. By order entered November 15, 2001, the bankruptcy court denied Hogan’s motion for reconsideration. Hogan appealed the denial of the motion for reconsideration. The BAP affirmed the bankruptcy court’s decision on October 22, 2002. Hogan filed a motion for reconsideration on November 4, 2002, three days too late. The BAP denied reconsideration by order entered January 14, 2003. The denial was based on Hogan’s failure to file his motion for reconsideration within the ten-day time period designated in Fed. R. BankrP. 8015.
On January 21, 2003, Hogan tendered another motion for reconsideration. To the extent that the motion sought reconsideration of the October 22 judgment, the BAP determined that it was untimely, and an order was entered on January 24, 2003, refusing to accept the motion for filing. Hogan then filed a “Renewed Motion for Reconsideration of Order Entered January 14, 2003” and an “Amendment to (Renewed) Motion for Reconsideration of Order Entered 1/14/03 And Motion for Enlargement of Time Period (Three (3) Days Mailing Time).” The BAP denied the motion in an order filed February 28, 2003. This appeal followed.
The only issue before this Court is whether the bankruptcy court erred in denying Hogan’s motion for reconsideration, construed as a motion to alter or amend the underlying judgment or, in the alternative, a motion for relief from judgment. This Court reviews a decision to deny a motion to alter or amend a judgment and a motion for relief from judgment for an abuse of discretion. Cincinnati Ins. Co. v. Byers, 151 F.3d 574, 578 (6th Cir.1998); Lopez v. Long (In re Long), 255 B.R. 241, 245 (B.A.P. 10th Cir.2000). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, Harrison v. Metro. Gov’t, 80 F.3d 1107, 1112-13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995). An examination of the record and law shows that the bankruptcy court did not abuse its discretion when it denied Hogan’s post-judgment motion.
As the bankruptcy court acknowledged, a motion for reconsideration is not recognized under the Federal Rules of Civil Procedure. See Inge v. Rock Fin. Corp., 281 F.3d 613, 617 (6th Cir.2002); In re Long, 255 B.R. at 244. Federal Rules of Bankruptcy Procedure 9023 makes Fed. R.Civ.P. 59 applicable to bankruptcy cases, except as provided in Fed. R. Bankr.P. 3008; Rule 3008 is inapplicable in this case. Federal Rules of Bankruptcy Procedure 9024 makes Fed.R.Civ.P. 60 applicable to bankruptcy cases. Therefore, the bankruptcy court properly viewed Hogan’s motion as a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59 or, in the alternative, as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60.
Upon review, we conclude that the bankruptcy court properly denied Hogan’s motion for reconsideration to the extent it was construed as a Rule 59(e) motion to alter or amend the judgment. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than ten days after the entry of the judgment. Hogan’s motion was filed on November 6, 2001, the eleventh day after entry of the judgment, October 26, 2001. Thus, the motion was untimely. See Fed. R. Bankr.P. 9006(a) concerning the computation of time. Hogan’s argument that the date he mailed his motion for reconsideration constitutes filing of his motion is unavailing. Rule 8008(a) of the Federal Rules of Bankruptcy Procedure specifically provides that “filing is not timely unless the *849 papers are received by the clerk within the time fixed for filing----”
To the extent that Hogan’s motion may be construed as a motion for relief from judgment brought pursuant to Fed. R.Civ.P. 60(b), the bankruptcy court did not abuse its discretion when it denied the motion. Hogan did not allege, and indeed cannot allege, the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(l)-(6).
Accordingly, the BAP decision affirming the bankruptcy court’s decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.