**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JAN 27 2005**

**PATRICK FISHER**
**Clerk**

In re:  CHERISE ROUNDY BLACK,

        Debtor,

_____

STEVE S. CHRISTENSEN,

        Appellant,

v.

CHERISE ROUNDY BLACK;
ANDRES DIAZ, Chapter 13 Trustee,

        Appellees.

No. 03-4078
(BAP No. UT-02-065)
(BAP)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Steve S. Christensen, an attorney representing himself in these proceedings, appeals the decision of the Tenth Circuit Bankruptcy Appellate Panel (BAP) to affirm certain bankruptcy court rulings because of the insufficiency of his appendix. We take jurisdiction under 28 U.S.C. § 158(d), and we affirm.

I.

Mr. Christensen filed a secured claim for legal fees in a former client's bankruptcy case. Initially, the bankruptcy court allowed only a small percentage of Mr. Christensen's claim, but the BAP remanded for reconsideration. The bankruptcy court then allowed a larger percentage of the claimed fees, though not the entirety of the claim. It also rejected Mr. Christensen's motion for reconsideration.

Mr. Christensen again appealed to the BAP. He submitted an appendix that included the transcript of the bankruptcy court's initial oral findings and rulings both on his claim and on his motion for reconsideration, and a copy of the bankruptcy court's written order regarding his motion for reconsideration. He neglected, however, to include a copy of the bankruptcy court's written order regarding his claim (the Claims Order). In light of this omission, the BAP determined that Mr. Christensen had not provided an adequate record for its

review, and it summarily affirmed the bankruptcy court's decisions. Mr. Christensen appeals.

II.

Mr. Christensen contends that the BAP erred in declining to consider his arguments solely because he failed to include a copy of the Claims Order in the appendix. The applicable rules are the Federal Rules of Bankruptcy Procedure, 10th Cir. BAP R. 8018-11(a), interpretations of which we review de novo. *See State Bank of Southern Utah v. Gledhill (In re Gledhill*), 76 F.3d 1070, 1077 (10th Cir. 1996).

The rules require an appellant before the BAP to include, in an appendix, a copy of the order or judgment appealed from. Fed. R. Bankr. P. 8009(b)(3); Fed. R. Bankr. P. 8006; 10th Cir. BAP R. 8006-1(a). Failure to comply with the rules "is ground . . . for such action as . . . the bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). Relying on decisions of this court, the BAP has given notice that "when the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, this Court is unable to rule on that issue and may summarily affirm the bankruptcy court." *Lopez v. Long (In re Long)*, 255 B.R. 241, 245 (B.A.P. 10th Cir. 2000).

In Mr. Christensen's case, the BAP indicated that, in the absence of the written Claims Order, it could not determine the legal foundation of the bankruptcy court's rulings, or whether the written order changed or supplemented the bankruptcy court's initial oral findings and rulings. Aplt. App. 3 at 506. It continued:

> The failure by the parties to provide a copy of the Claims Order thwarts any attempt by this Court to apply the abuse of discretion standard, particularly when, as here, a claim is made that the bankruptcy court did not enter adequate findings. We have no basis on which to evaluate Christensen's argument because we do not know what ultimate findings of fact or conclusions of law the bankruptcy court made in the Claims Order.

*Id.*

On appeal, Mr. Christensen admits that he did not include the Claims Order in his BAP appendix, Aplt. Br. at 12, but he argues that, despite his omission, the BAP actually had a sufficient record and did not need the Claims Order to make its review. The problem with his argument is that, without the Claims Order, the BAP could not determine its importance or the sufficiency of the record. Because the Claims Order was not before the BAP when it made its ruling, we decline Mr. Christensen's invitation to review the Claims Order and to determine that the record was sufficient for the BAP to decide the appeal. *See Aero-Medical, Inc. v. United States*, 23 F.3d 328, 329 n.2 (10th Cir. 1994) (striking documents that were not before the district court). Further, we note that Mr. Christensen's

-4-

contention that his appendix was sufficient because Fed. R. Bankr. P. 8009(b)(5) requires the appendix to contain *either* the written opinion *or* the oral conclusions of the bankruptcy court borders on frivolous, given that Fed. R. Bankr. P. 8009(b)(3) clearly requires an appellant to provide the judgment or order from which the appeal is taken, and that Rule 8009(b) is written in the conjunctive, not the disjunctive. *See also* Fed. R. Bankr. P. 8006; 10th Cir. BAP R. 8006-1(a).

The document Mr. Christensen omitted–the court's final judgment underlying the issue on appeal–is generally an extremely important, if not crucial, document for a reviewing court. The BAP was not required to engage in speculation about the contents of the Claims Order. It could have remedied Mr. Christensen's omission and obtained a copy of the order from the bankruptcy court, but it was not required to so accommodate him. Rather, in light of Mr. Christensen's failure to provide the proper materials for review, the BAP was entitled to affirm the decision of the bankruptcy court. *See United States v. Vasquez*, 985 F.2d 491, 494 (10th Cir. 1993) ("When the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, the Court of Appeals is unable to rule on that issue.").

Finally, Mr. Christensen suggests that the BAP should have granted his motion to reconsider and to reopen the record to allow him to submit the Claims Order. Lacking explicit guidance from its own rules regarding the appropriate

circumstances for granting such a motion, the BAP looked to Fed. R. App. P. 40(a)(2) and 10th Cir. R. 40.1(A) for guidance, as permitted by its local rules. It held that reconsideration and/or reopening was not warranted where Mr. Christensen failed to show that the BAP had overlooked or misconstrued a significant issue. We agree, and, having reviewed the record before us, we conclude that the BAP did not err in declining to reconsider its decision or reopen the appeal. As we have explained previously, motions for rehearing are not intended to allow counsel to overcome deficiencies in the record. *Vasquez*, 985 F.2d at 497.

The judgment of the Bankruptcy Appellate Panel is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-6-