**FILED**
                                                    **United States Court of Appeals**
                                                              **Tenth Circuit**

                                                          **March 2, 2009**

**UNITED STATES COURT OF APPEALS**     **Elisabeth A. Shumaker**
                                                           **Clerk of Court**
**FOR THE TENTH CIRCUIT**

_____

In re:

CHARLES DAVID TOLLEFSEN,
a/k/a Chuck Tollefsen,

      Debtor.

_____

CHARLES DAVID TOLLEFSEN,                              No. 08-5059
                                                  (BAP No. NO-07-057)
      Appellant,                                  (BAP)

v.

US BANK NATIONAL
ASSOCIATION; STEPHANIE
JOHNSON,

      Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McCONNELL**, **McKAY**, and **GORSUCH**, Circuit Judges.

_____

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Charles David Tollefsen, proceeding pro se, appeals a decision of the Tenth Circuit Bankruptcy Appellate Panel ("BAP"). We affirm.

Mr. Tollefsen filed the Chapter 13 bankruptcy case underlying this appeal on February 20, 2007, listing as a creditor U.S. Bank, which holds the mortgage to his home. U.S. Bank promptly moved to dismiss the case, arguing it was not filed in good faith. After an evidentiary hearing, on May 4, 2007, the bankruptcy court issued an oral ruling agreeing with the bank's argument, concluding that Mr. Tollefsen's plan was not confirmable, and dismissing the case.

Mr. Tollefsen appealed the decision to the BAP. He argued that the bankruptcy court should not have rendered a decision concerning the confirmability of his plan without accurate proofs of claim. And, he argued, the creditors had yet to provide the materials. Although Mr. Tollefsen submitted an appendix with his appeal, it did not include the transcript of the district court's oral ruling or copies of the allegedly defective proofs of claim. Without these materials, the BAP concluded, it had "no way to review whether the bankruptcy court abused its discretion." R. Doc. 5 at 4. Citing Mr. Tollefsen's failure to provide an adequate record, the BAP summarily affirmed the bankruptcy court's decision.

Mr. Tollefsen responded with a petition for rehearing. He apologized for failing to provide an adequate appendix and asked the BAP to reconsider his appeal on the merits. Finding no basis to do so under Federal Rule of Appellate

Procedure 40(a)(2), or Tenth Circuit Rule 40.1(A), the BAP denied the motion: "Appellant has not shown that this Court has overlooked, misapprehended or misconstrued any point of law or fact; indeed, due to the inadequate state of Appellant's record, no facts were before us to overlook, misapprehend, or misconstrue." R. Doc. 3 at 2. Mr. Tollefsen then lodged his appeal in this court.

Before us, Mr. Tollefsen's opening brief focuses exclusively on the merits of his bankruptcy case. He does not address the BAP's affirmance based on his failure to provide that court with an adequate appendix. As a result, he has forfeited his right to a review of the BAP's decision. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (holding issues not adequately addressed in an appellant's opening brief are deemed forfeited). That Mr. Tollefsen has proceeded pro se throughout his appeals cannot affect our disposition. While we must construe his filings liberally, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), as we have noted repeatedly, pro se parties must follow the same rules of procedure that govern other litigants. *Garrett*, 425 F.3d at 840.[1]

---

[1]     In his reply brief, Mr. Tollefsen finally acknowledges the basis for the BAP's ruling and replies that he made a good-faith effort to provide "what he believed was expected and required." Reply Br. at 3. But Mr. Tollefsen's good faith before the BAP is neither in doubt nor does it do anything to undermine the propriety of the BAP's decision to enforce its procedural rules. Troubly, too, even this inadequate argument appears only in a reply brief, and it is our general rule that we "will not entertain issues raised for the first time on appeal in an appellant's reply." *Headrick*, 24 F.3d at 1277-78.

Even if we could, somehow, overlook Mr. Tollefsen's inadequate briefing before this court, we are confident that we would still be obliged to affirm. The Federal Rules of Bankruptcy Procedure require an appellant before the BAP to include, in an appendix, a copy of the order or judgment under review and other pertinent materials. Fed. R. Bankr. P. 8009(b). A litigant's failure to comply with this rule "is ground . . . for such action as the . . . [BAP] deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). Indeed, we have previously upheld the BAP's summary affirmance under these rules, explaining that "in light of [the appellant's] failure to provide the proper materials for review, the BAP was entitled to affirm the decision of the bankruptcy court." *Christensen v. Black* (*In re Black*), 130 F. App'x 205, 207 (10th Cir. 2005). Mr. Tollefsen offers no reason to think a different result should have obtained in his case.

Affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge