FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

November 30, 2016

Blaine F. Bates
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE JAMES WARE KELLEY, III, | BAP No. CO-16-004 |
| Debtor. | |
| _____ | |
| JEFFREY WEINMAN, | Bankr. No. 13-28933 |
| | Adv. No. 15-01268 |
| Plaintiff - Appellee, | Chapter 7 |
| v. | |
| JAMES WARE KELLEY, III, | OPINION |
| Defendant - Appellant. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado
_____

Before **NUGENT**, **SOMERS**, and **HALL**, Bankruptcy Judges.
_____

**HALL**, Bankruptcy Judge.
_____

Appellant James Kelley[2] appeals the bankruptcy court's *Order Denying Motion to*

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8018-6.

[2] Kelley appears *pro se* on this appeal and similarly appeared *pro se* in the underlying Colorado bankruptcy case and the adversary proceeding from which this appeal arises.

*Set Aside Default Judgment* (the "First Denial Order")[3] and *Order Denying Motion for Reconsideration of Default Judgment* (the "Second Denial Order").[4]

## I.      INTRODUCTION

Kelley was a real estate investor who bought and sold real estate and leased various properties to third parties.[5] Beginning in 2009, he routinely collected security deposits from his tenants in North Carolina and comingled the security deposits with personal funds in violation of North Carolina laws pertaining to security deposits.[6] He regularly failed to return the security deposits, challenging tenants with contrived and unsubstantiated claims that the tenants had left the premises in a damaged state or owed bills that were not the tenants' responsibility.[7] He also attempted to thwart tenants' legal actions for recovery of their security deposits by appealing judgments entered in favor of the tenants even though he had not appeared at trial.[8]

On August 26, 2010, Kelley further attempted to thwart his tenants' recovery of their security deposits by filing a Chapter 11 bankruptcy petition in the Eastern District of

---

[3] First Denial Order *in* Appellant's App. at 118.

[4] Second Denial Order *in* Appellant's App. at 165.

[5] *Exhibit B, Entry of Judgment and Permanent Injunction Against Defendant James Ware Kelley, III in* Appellant's App. at 27.

[6] *Id.* at 8, *in* Appellant's App. at 33.

[7] *Id.*

[8] *Id.* at 4, *in* Appellant's App. at 29.

North Carolina.[9] This case was ultimately dismissed on November 27, 2012, for default under Kelley's confirmed plan.[10]

In July 2013, the North Carolina Attorney General filed a complaint against Kelley in connection with violations of the North Carolina laws regulating security deposits and unfair and deceptive trade practices (the "North Carolina Action").[11]

On November 13, 2013, Kelley filed his second Chapter 11 bankruptcy case in the District of Colorado. He listed on his petition a mailing address of 4117 Tejon, Apartment D, Denver, CO 80211 (the "Denver Address").[12] On October 9, 2014, the bankruptcy court converted Kelley's Chapter 11 case to Chapter 7. Jeffrey Weinman was appointed as the Chapter 7 Trustee (the "Trustee").

On April 6, 2015, in the North Carolina Action, the court entered a judgment against Kelley[13] based on the following facts: (1) Kelley had collected at least $14,935 in security deposits from his tenants and failed to protect or return those deposits as

---

[9] *Id.*

[10] *Id.*

[11] *Exhibit B, Entry of Judgment and Permanent Injunction Against Defendant James Ware Kelley, III*, at 3-4 *in* Appellant's App. at 27-28.

[12] Kelley represented that he had "been domiciled or has had a residence, principal place of business, or principal assets in [the District of Colorado] for 180 days immediately preceding the date of the petition . . . ." First Denial Order at 2, *in* Appellant's App. at 119 (quoting *In re Kelley*, No. 13-28933-HRT (Bankr. D. Colo. Nov. 13, 2013) (No. 1)).

[13] The bankruptcy court noted that 11 U.S.C. § 362(b)(4), the police and regulatory exception to the automatic stay, authorized the North Carolina Superior Court to continue the prepetition proceeding brought by the North Carolina Attorney General. First Denial Order at 2, *in* Appellant's App. at 119.

3

mandated by applicable state statutes; and (2) Kelley had attempted to thwart tenants'

legal actions to recover judgments by pursuing frivolous court proceedings and appeals,

constituting violations of the North Carolina Unfair and Deceptive Trade Practices Act

(the "North Carolina Judgment"). The North Carolina Judgment required Kelley to pay

restitution, civil penalties, and attorney's fees and included a permanent injunction

against Kelley from accepting further security deposits. Kelley did not appeal the North

Carolina Judgment.

On July 10, 2015, the Trustee filed a *Complaint* against, and obtained the issuance

of a summons on, Kelley (collectively referred to herein as the "Complaint"),[14] objecting

to Kelley's discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4)(D), and (a)(5).[15] The

Complaint alleged that Kelley undertook transactions with the intent to hinder, delay, or

defraud creditors in his bankruptcy case by refusing and failing to produce documents or

provide information to the Trustee. The Trustee filed a *Certificate of Service*[16]

documenting service of the Complaint on Kelley at the Denver Address. The Denver

Address was Kelley's address of record at the time the Complaint was filed.

---

[14] Appellee's App. at 113.

[15] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated. All references to "Bankruptcy Rule" or "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

[16] Appellee's App. at 119.

On July 14, 2015, the Trustee filed his *Amended Complaint* (the "Amended Complaint"),[17] adding allegations related to the North Carolina Judgment that Kelley wrongfully withheld security deposits and thwarted tenants' legal action to recover such deposits.[18] The Amended Complaint included a *Certificate of Service*[19] indicating the Trustee served the Amended Complaint on Kelley by first class United States mail at the Denver Address. The Denver Address was Kelley's address of record at the time the Amended Complaint was filed.

On August 28, 2015, the Trustee filed his *Motion for Entry of Default and Default Judgment*[20] (the "Default Judgment Motion"). At the time of the filing of the Default Judgment Motion, Kelley had neither filed an answer to the Complaint or the Amended Complaint nor otherwise appeared in the adversary proceeding. The Trustee represented that the Complaint and Amended Complaint were properly served on Kelley by first class United States mail at the Denver Address. Attached to the Default Judgment Motion was a certified copy of the North Carolina Judgment, an affidavit of the Trustee, and a declaration of a North Carolina Special Deputy Attorney General. The Default Judgment Motion also included a certificate of service, which indicated that the Trustee served the Default Judgment Motion by first class United States mail at the Denver Address and, out

---

[17] Appellant's App. at 6.

[18] Appellee's Br. 2.

[19] Appellant's App. at 14.

[20] Appellant's App. at 15.

of an abundance of caution, at 103 Isley Street, Apartment D, Chapel Hill, NC 27516 (the "North Carolina Address").[21]

Kelley did not respond to the Default Judgment Motion. On September 14, 2015, the bankruptcy court entered its *Order Granting Motion for Entry of Default and Default Judgment* (the "Default Judgment").[22] On September 28, 2015, Kelley filed the *Debtor's Motion to Set Aside Default and Default Judgment* (the "Rule 60(b) Motion").[23] In the Rule 60(b) Motion, Kelley argued that he provided the North Carolina Address in a response filed with the bankruptcy court on August 14, 2015, and he did not receive the Default Judgment Motion at the North Carolina Address until September 14, 2015, the same day the bankruptcy court entered the Default Judgment.[24] The Trustee filed the *Response in Opposition to Debtor's Motion to Set Aside Default and Default Judgment* (the "First Response") on October 12, 2015, indicating he served the Default Judgment Motion on the North Carolina Address and the Denver Address.[25] On December 31, 2015, the bankruptcy court entered the First Denial Order, discussing at length each

---

[21] Default Judgment Motion at 8, *in* Appellant's App. at 22. Kelley listed the North Carolina Address on an objection that he filed with bankruptcy court on August 14, 2015; however, he did not change his address of record with the bankruptcy court until September 15, 2015.

[22] Appellant's App. at 68.

[23] Appellant's App. at 69.

[24] Rule 60(b) Motion at 2, *in* Appellant's App. at 70. Kelley suggests improper forwarding or improper postage caused the delay in receipt of the Default Judgment Motion.

[25] First Response at 5, *in* Appellee's App. at 126.

subsection of Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and concluding that there was no basis for setting aside the Default Judgment.

On January 14, 2016, Kelley filed his *Motion for Reconsideration of Default Judgment* (the "Reconsideration Motion"), reiterating his argument that he did not receive proper notice of the Default Judgment Motion.[26] On January 28, 2016, the Trustee filed the *Trustee's Response to Debtor's Motion for Reconsideration of Default Judgment* (the "Second Response").[27] On February 23, 2016, the bankruptcy court denied the Reconsideration Motion and entered the Second Denial Order. Kelley subsequently appealed the First Denial Order and the Second Denial Order.

## I.    STANDARD OF REVIEW

The Rules do not recognize a motion for reconsideration; however, a reconsideration motion can be viewed as a motion to alter or amend a default judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") or as a motion seeking relief from the a default judgment pursuant to Rule 60(b).[28] The bankruptcy court reviewed the Rule 60(b) Motion as a motion under Rule 60(b).[29] The bankruptcy court reviewed the Reconsideration Motion as a motion under Rule 59(e) and Rule 60(b).[30] We

---

[26] Appellant's App. at 126.

[27] Appellee's App. at 134.

[28] *Lopez v. Long (In re Long)*, 255 B.R. 241, 244 (10th Cir. BAP 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

[29] First Denial Order at 4, *in* Appellant's App. at 121.

[30] Second Denial Order at 2, *in* Appellant's App. at 166. However, Kelley never addressed any error under Rule 59(e) on appeal and, accordingly, waived any such

7

review a bankruptcy court's grant or denial of a Rule 59(e) or Rule 60(b) motion for an abuse of discretion.[31]

## II. DISCUSSION

### A. Kelley's Argument on Federal Rule of Civil Procedure Rule 60(b).

Kelley principally argues that the bankruptcy court erred in denying the Rule 60(b) Motion and the Reconsideration Motion because the Default Judgment was void due to lack of notice and personal jurisdiction. He argues that the bankruptcy court should have, therefore, granted his Rule 60(b) Motion.

Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)"), made applicable to bankruptcy cases by Rule 9024, provides that the bankruptcy court may relieve a party from a final judgment when the judgment is void.[32] The Trustee argues that Kelley failed to seek relief under Rule 60(b)(4)[33] based on the alleged insufficient service of the Default Judgment Motion before the bankruptcy court and he has, therefore, waived that argument. The Trustee further contends that even if Kelley could raise this argument now, the bankruptcy court expressly found that Kelley was properly served with the Complaint and Amended Complaint at his address of record. The bankruptcy court also

---

argument. *United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979. 984 n.7 (10th Cir. 1994)).

[31] *Long*, 255 B.R. at 245 (citing *Adams v. Reliance Standard Life Ins.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000); *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000)); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

[32] Fed. R. Bankr. P. 9024.

[33] Although Kelley argues that relief under Rule 60(b)(3) is mandatory when a party has no notice of a default proceeding, he only references case law relating to Rule 60(b)(4).

found that the Default Judgment Motion was served on Kelley at both the Colorado Address and the North Carolina Address.[34]

Issues and arguments not raised below will not ordinarily be considered on appeal.[35] If an argument was not raised before the bankruptcy court, the argument is typically forfeited.[36] Forfeited arguments can be entertained on appeal; however, the BAP will only reverse a bankruptcy court's judgment on the basis of a forfeited argument if failing to do so would entrench a plainly erroneous result.[37] In addition, under Federal Rule of Civil Procedure Rule 12, made applicable to bankruptcy courts by Rule 7012, any objection to personal jurisdiction is waived if the party fails to assert the objection in his or her first responsive pleading or by motion before the first responsive pleading is filed.[38] In the instant case, Kelley did not raise the issue of relief under Rule 60(b)(4) before the bankruptcy court and has, therefore, forfeited this argument. Furthermore, he did not assert lack of personal jurisdiction or insufficient service of process in his first responsive pleading and has, therefore, waived this argument.

---

[34] First Denial Order at 5, *in* Appellant's App. at 122.

[35] *Rademacher v. Colorado Assoc. of Soil Conservation Dists. Med. Benefit Plan*, 11 F.3d 1567 (10th Cir. 1993).

[36] *In re Arnold,* No. CO-15-031, 2016 WL 1022350, at *5 n.35 (10th Cir. BAP Mar. 15, 2016).

[37] *Id.*

[38] *United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306, 1318 (10th Cir. 1994) (citing Fed. R. Civ. P. 12(b), made applicable to bankruptcy cases by Rule 7012).

Even if we were to consider Kelley's arguments now, they are not persuasive.[39] Kelley does not contest that he (1) was properly served with the Complaint and Amended Complaint or (2) failed to file an answer to either the Complaint or the Amended Complaint. Rather, Kelley argues that lack of notice of the Default Judgment Motion rendered the Default Judgment void. This argument fails because, even assuming he did not receive service of the Default Judgment Motion prior to entry of the Default Judgment, the Federal Rules of Civil Procedure did not require service of the Default Judgment Motion on Kelley.[40] Nor do the Rules predicate the completeness of service upon receipt. Rule 9006(e) states that service of "any paper" by mail is complete upon its mailing. Nevertheless, the bankruptcy court found that Kelley was, in fact, served with the Default Judgment Motion.

Accordingly, the bankruptcy court did not abuse its discretion in determining that there was no basis for awarding relief under Rule 60(b) as a result of Kelley's alleged delayed receipt of the Default Judgment Motion or lack of notice.

---

[39] Kelley argued before the bankruptcy court that he did not receive service of the Default Judgment in a *timely* manner. Rule 60(b) Motion at 3, *in* Appellant's App. at 71.

[40] Fed. Rule Civ. P. 5(a)(2), made applicable to bankruptcy cases under Rule 7005 ("No service is required on a party who is in default for failing to appear"); *Gourlay v. Sallie Mae, Inc. (In re Gourlay)*, 465 B.R. 124, 131 (6th Cir. BAP 2012) (same). Furthermore, under Rule 7055 and Fed. R. Civ. P. 55(b)(2), Kelley was not entitled to notice of the Default Judgment Motion since he had not appeared in the adversary proceeding before the Default Judgment Motion was filed.

**B. Kelley's Other Arguments[41]**

Kelley also argues that that the bankruptcy court erred by denying him the requested relief when the Trustee had engaged in fraud, misrepresentation, and misconduct. The record indicates that Kelley did not meet his burden in providing adequate proof of the fraud, misrepresentation, and misconduct that he alleges. Furthermore, even if Kelley had met his burden, there is nothing in the record that would indicate any alleged action taken by the Trustee would have interfered with Kelley's ability to fully and fairly prepare for, and proceed at, trial. Accordingly, the bankruptcy court did not err in determining that relief was not appropriate under Rule 60(b)(3).[42]

Kelley filed a *Motion to Correct Docket*,[43] requesting relief under Federal Rule of Civil Procedure 8009(e)(2)(C) to file documents electronically to reduce "the visual loss from multiple reproductions and manual scanning" associated with the hard copy

---

[41] As a *pro se* appellant, Kelley raises many arguments and facts in his briefs that simply are not relevant to this appeal, such as facts from a prior North Carolina case to which he was a party, accusations that the Trustee has acted fraudulently or improperly without supporting facts in the record, and suggestions that the bankruptcy judge was improperly aiding the Trustee in defrauding Kelley. As they are not relevant to the issues properly preserved on appeal, they are not considered by the Court.

[42] Kelley also argues that the Default Judgment should be set aside (1) because the Trustee violated 18 U.S.C. § 242; and (2) because the Trustee applied the incorrect legal standard. Kelley's argument appears to be based on the erroneous conclusion that the Trustee is a government official. Kelley also offers no factual basis to support any wrongdoing on the part of the Trustee. Furthermore, the Trustee's application of any legal standard is not relevant to a determination as whether the bankruptcy court erred. These arguments are not persuasive.

[43] BAP ECF No. 35.

documents previously filed.[44] The record is clear that the Complaint, Amended Complaint, and Default Judgment Motion were properly served on Kelley. Consequently, we deny the *Motion to Correct Docket*.

### III. CONCLUSION

The bankruptcy court did not err in determining that there was no basis to set aside the Default Judgment under Rule 59 and Rule 60(b)(4), (b)(3), or under any other argument pursued by Kelley, and did not err in denying the Rule 60(b) Motion and the Reconsideration Motion. Accordingly, the orders of the bankruptcy court are AFFIRMED.

---

[44] *Id.* at 2.