In re Mir SHAHIDULLA and Patricia J. Knoche, Debtors.

FIA Card Services, N.A., Plaintiff,

v.

Patricia J. Knoche, Defendant.

Bankruptcy No. 11–45230.

Adversary No. 11–04280.

United States Bankruptcy Court, D. Minnesota.

Feb. 22, 2012.

---

Richard S. Ralston, Weinstein & Riley, P.S., Seattle, WA, for Plaintiff.

Jonathan LR Drewes, Morgan A.V. Spah, Drewes Law Office, Minneapolis, MN, for Defendant.

## MEMORANDUM ORDER AWARDING COSTS AND REASONABLE ATTORNEY'S FEES UNDER 11 U.S.C. § 523(d)

NANCY C. DREHER, Bankruptcy Judge.

The above entitled matter comes before me pursuant to paragraph 3 of my order dated January 13, 2012 in which I ordered the parties to file briefs on the issue of whether, given the procedural history of the case, the court should enter an award of costs and reasonable attorney's fees to defendant pursuant to 11 U.S.C. § 523(d). Appearances were as noted in the record. Having presided over this case, and having studied the briefs that have been filed, I make the following Findings of Fact, Conclusions of Law, and Order.

### Findings of Fact

The procedural history of this adversary proceeding is as follows. Plaintiff, a credit card company, filed this adversary proceeding seeking to except from discharge, pursuant to 11 U.S.C. § 523(a)(2)(A), $3,359 plus interest in credit card debt owed by debtor. Plaintiff's first complaint was a "cookie cutter" pleading, devoid of any actual substance. It was the type of complaint commonly used by collection firms to coerce defenseless debtors into paying rightfully dischargeable credit card debt. Defendant moved to dismiss the first complaint on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6), as adopted by Fed. R. Bankr.P. 7012. I granted the motion to dismiss, but further granted plaintiff leave to amend. In response, plaintiff filed yet another complaint that did not survive defendant's motion to dismiss on the pleadings. The amended complaint was replete with inaccuracies and misstatements, was no better than the first complaint, and, in fact, was worse in that, grasping for something to allege and without prudently using "on information and belief" language, plaintiff made untrue and seriously misleading allegations. I granted the motion to dismiss and set down for further briefing the issue of whether costs and reasonable attorney's fees should be awarded pursuant to 11 U.S.C. § 523(d).

## Conclusions of Law

### A. Section 523(d), Generally

Under § 523(d) of the Bankruptcy Code, if the court rules against the creditor on the creditor's request to determine the dischargeability of a consumer debt under § 523(a)(2) and there are no special circumstances that would make such an award unjust, "the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified." 11 U.S.C. § 523(d); *see generally FIA Card Services v. Conant, (In re Conant)*, 464 B.R. 511, 516–19 (Bankr. D.Mass.2012) (granting an award of reasonable attorney's fees under § 523(d) against this same plaintiff represented by the same attorney that appears in this case) (citing *Congressional Federal Credit Union v. Pusateri (In re Pusateri)*, 432 B.R. 181, 197 (Bankr.W.D.N.C.2010)); *see also FIA Card Services v. Dunbar (In re Dunbar)*, No. 10–00106, 2011 WL 3438889, at *6–*7 (Bankr.D.Mont.2011) (also granting an award of reasonable attorney's fees under § 523(d) against this same plaintiff represented by the same attorney). Congress added this cost-shifting provision to "reduce the pressure on the honest individual debtor to settle this type of nondischargeability claim for the sole purpose of avoiding attorney's fees and costs of litigation." See 2011–2 Hon. Nancy C. Dreher & Hon. Joan N. Feeney, *Bankruptcy Law Manual* § 8:7 (5th ed. 2011); *see also Star Bank, N.A., v. Stearns (In re Stearns)*, 241 B.R. 611, 628 (Bankr.D.Minn.1999) (Congress enacted § 523(d) to "discourage creditors from commencing meritless dischargeability proceedings in the hope of coercing settlement from impecunious debtors who fear the costs of vindicating themselves through litigation on the merits.") (internal citations omitted).

Under § 523(d), there are five elements that must be shown before an award of reasonable attorney's fees is appropriate:

(1) The creditor filed a nondischargeability action under § 523(a)(2);

(2) The obligation must concern a consumer debt;

(3) The obligation must be found to be dischargeable;

(4) The complaint must not have been substantially justified; and

(5) The bankruptcy court must be satisfied that there are no special or unique circumstances, which would make the imposition of costs and attorneys' fees unjust.

*In re Pusateri*, 432 B.R. at 197 (citing *First Deposit Nat'l Bank v. Stahl (In re Stahl)*, 222 B.R. 497, 504 (Bankr.W.D.N.C. 1998)); *see also Conant*, 2012 WL 177568, at *5.

### B. Nondischargeability Action

There is no dispute as to this element. This adversary proceeding was commenced by plaintiff seeking to except defendant's credit card debt from discharge under § 523(a)(2)(A).

### C. Consumer Debt

Defendant, in a sworn affidavit, has declared that the debts were consumer in nature. Plaintiff has failed to provide any evidence showing that these debts were not consumer debts. In spite of defendant's clear statement that this requirement of § 523(d) has been met, plaintiff continues to speculate that it has not. Plaintiff's speculation to the contrary is of no evidentiary value whatsoever.

### D. The Obligation Was Dischargeable

Defendant and her codebtor were granted a discharge by an order dated Novem-

514

ber 3, 2011. Defendant's debt to plaintiff was determined by me not to be excepted from discharge and, accordingly, to be dischargeable in that I have dismissed plaintiff's exception to discharge case on the merits with prejudice. *See* 11 U.S.C. § 727(a) ("The court shall grant the debtor a discharge, unless ..."); § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter....").

### E. Substantial Justification

 For a complaint to be substantially justified, it must have a "reasonable basis in both law and fact." *Stearns*, 241 B.R. at 628 (internal citations omitted). *See also, e.g., Commercial Federal Bank v. Pappan (In re Pappan)*, 334 B.R. 678, 683–84 (10th Cir. BAP 2005) (in order for a complaint to be substantially justified, there must be a reasonable basis for the facts asserted in the complaint and a reasonable basis for the legal theory proposed); *Bankruptcy Law Manual* § 8:7. Here, the complaint did not have a reasonable basis in fact. At the onset, plaintiff did little to no legal or factual research and did not conduct discovery to substantiate the facts alleged in its complaint. Plaintiff did not attend the meeting of creditors and did not examine defendant using a Rule 2004 examination. Instead, plaintiff relied solely on its misinterpretation of defendant's credit card statements, never seeking substantiation of its claims. The lack of investigation indicates that plaintiff did not have a reasonable basis for the facts asserted. *Pappan*, 334 B.R. at 684 (upholding bankruptcy court's award of costs and reasonable attorney's fees because "[creditor's] total failure to investigate the § 523(a)(2) action prior to filing it shows that it did not have a reasonable basis for the facts that it asserted.").

Without facts to back up its suit, I conclude that plaintiff's suit was intended to coerce debtor into settling rather than litigating. These are the exact coercive tactics that Congress sought to prevent when it enacted § 523(d). *Id.*, n. 20 (citing *In re Sales*, 228 B.R. 748, 753 (10th Cir. BAP 1999) (§ 523(d) "was meant to prevent ... abusive filings by creditors in order to obtain settlement or reaffirmation leverage.")); *Stearns*, 241 B.R. at 628 ("Congress enacted this provision to discourage creditors from commencing meritless dischargeability proceedings in the hope of coercing settlement from impecunious debtors who fear the costs of vindicating themselves through litigation on the merits"); *People's Bank v. Poirier (In re Poirier)*, 214 B.R. 53, 55–56 (Bankr.D.Conn. 1997) (Congress enacted § 523(d) because it "recognized the usual wide disparity in litigation resources possessed by creditors and consumer debtors ... [unscrupulous] creditors may be tempted to bring or continue untenable dischargeability cases simply to 'scare up' an installment-type settlement from a cash-poor debtor.").

In dismissing the first complaint, I warned plaintiff, on the record, that any further pleading would have to be much more substantial. Plaintiff had the opportunity to not pursue further action. Instead, plaintiff filed an only slightly amended complaint, which suffered from all of the same failings as the first complaint. Plaintiff had been provided with notice of its complaint's deficiency, yet did little to correct it. Plaintiff should have known better than to pursue further action without a more solid basis for its claim. *Eric D. Fein, P.C. & Assoc. v. Young (In Re Young)*, No. 09–4054, 2010 WL 795113, *2 (Bankr.E.D.Tex.2010) (the court did not need to find that plaintiff acted in bad faith or frivolously in order to award reasonable attorney's fees and costs; "The court must

only make the determination that the plaintiff proceeded past a point where it knew, or should have known, that it could not carry its burden of proof."); *Bankruptcy Law Manual* 8:7, n. 78. Plaintiff's repeated failure to investigate and failure to bring a claim based on a reasonable basis in fact shows that its complaint was not substantially justified.

In addition to the complaint's factual deficiencies, the complaint also lacked a reasonable basis in law. Plaintiff's complaint implied that defendant acted fraudulently by taking out credit without the ability to repay plaintiff. In plaintiff's responses to defendant's motions to dismiss, plaintiff relied on *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1285 (9th Cir.1996), for the proposition that such an argument could be used to show fraud. However, *Anastas* explicitly stands for the proposition that courts should not look to debtor's ability to repay, but rather should look to debtor's intent to repay a debt in order to establish fraud. *Id.* at 1285–86 ("[the] focus should not be on whether the debtor was hopelessly insolvent at the time he made the credit card charges.... Rather, the express focus must be solely on whether the debtor maliciously and in bad faith incurred credit card debt with the intention of petitioning for bankruptcy and avoiding the debt."). In plaintiff's brief on the attorney's fees issue, in addressing the justification for its suit, plaintiff continues to use this faulty argument. Further, plaintiff adds facts that are not in the record, relies on statements of law without providing any statutory or case citation, and fails to provide any remotely persuasive argument that its complaint was justified.

Plaintiff's repeated failures to provide a legal or factual basis for its claims suggest that costs and reasonable attorney's fees should be awarded to defendant who was forced to defend and twice go to court on this frivolous suit.

### F. Special Circumstances

Even though all of the other four elements have been clearly met, plaintiff could avoid responsibility for paying defendant's costs and reasonable attorney's fees if it could show that there were special circumstances that would make such an award unjust. 11 U.S.C. § 523(d); *Bankruptcy Law Manual*, § 8:7. Plaintiff, however, did not and cannot do that. Courts have used a totality of the circumstances approach, grounded in principles of equity, to determine if awarding costs and reasonable attorney's fees would be unjust. *See, e.g., Matter of Hingson*, 954 F.2d 428, 429–30 (7th Cir.1992) (the special circumstances "exception should be interpreted with reference to 'traditional equitable principles.'") (internal citations omitted); *Bridgewater Credit Union v. McCarthy (In re McCarthy)*, 243 B.R. 203, 210 (1st Cir. BAP 2000) (the "determination of 'special circumstances' is an exercise in equity. It is an undertaking that can be accomplished fluidly in the course of the § 523(d) totality of the circumstances review, with the court's discretion constrained by traditional limitations on its equitable powers.") (internal citations omitted); *Bankruptcy Law Manual* § 8:7. Although plaintiff complains about the amount of the attorney's fees, it does not provide any argument as to why granting such fees would be unjust.

### G. Conclusion as to Costs and Reasonable Attorney's Fees

Based on the utter lack of justification for the complaints, the fact that plaintiff had been put on notice of the initial complaint's deficiency, the substantial time and effort that defendant spent defending this case, and the lack of reasons why awarding

costs and reasonable attorney's fees would be unjust, defendant is entitled to the same. *See, e.g., Pusateri,* 432 B.R. at 204 (reasonable attorney's fees granted when plaintiff only argued that the level of the fees was unjust).

### H. Amount of Attorney's Fees

Having determined that awarding reasonable attorney's fees and costs is warranted, I turn now to the amount of the fees and costs. Despite plaintiff's concerns, my order implicitly called for the type of affidavit on costs and attorney's fees that was filed with defendant's brief on this issue: one that included all attorney's fees and costs incurred, including those incurred preparing to argue the costs and attorney's fees issue. The filing was entirely appropriate and, in spite of having only three days to respond, plaintiff has done a good job of raising questions regarding the amount of the attorney's fees requested.

■■■ Section 523(d) provides that reasonable attorney's fees and costs shall be granted if all five conditions have been met. In a § 523(d) action, the court has an independent obligation to review the fee application for reasonableness. *Conant,* 2012 WL 177568, at *6 (finding that awarding reasonable attorney's fees was justified because of plaintiff's lack of research, but reducing the amount of attorney's fees granted to an amount lower than what was requested). In general, the lodestar method—multiplying the number of hours reasonably expended by a reasonable hourly rate—is used to calculate reasonable attorney's fees. *First Card v. Hunt (In re Hunt),* 238 F.3d 1098, 1105 (9th Cir.2001) (in a § 523(d) case, the Ninth Circuit found that "[t]he primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate.") (inter-

nal citation omitted); *John Deere Co. v. Deresinski (In re Deresinski),* 250 B.R. 764, 768 (Bankr.M.D.Fla.2000) (applying lodestar in a § 523(d) case); *Bankruptcy Law Manual* § 4:38 ("Courts use a lodestar calculation to determine reasonableness of any fee application.").

■■■ While plaintiff may be partially correct that the attorney's fees requested are excessive, plaintiff is wrong about several of its assertions. Defendant's counsel is entitled to payment for making a fee application (otherwise it would be unfair). *See Sears Roebuck & Co., v. Dayton (In re Dayton),* 306 B.R. 322, 327–28 (Bankr. N.D.Cal.2004) (in a § 523(d) action, reasonable attorney's fees included time spent in preparing a fee application because such applications are statutorily mandated) (internal citations omitted). Defendant's counsel is not block billing as plaintiff contends. Defense counsel is billing in 1/10 of an hour increments. While some of the descriptions are rather general, they are sufficient to determine what was done. Further, there is no obligation to mitigate costs, there is only an obligation to seek only reasonable attorney's fees. Finally, it is disingenuous for plaintiff to argue that defendant should not have spent roughly $14,000 in attorney's fees to defend a case where the exposure was only $3,359, plus interest. Plaintiff filed this action and cannot in good conscience argue that the attorney's fees expended to defend this case should be limited because the amount sought in the case is small. The blame is on plaintiff for frivolously initiating the suit and, if the attorney's fees charged were reasonable, i.e., the fees were equal to a reasonable hourly rate multiplied by a reasonable number of hours needed to defend such a case, plaintiff will be required to pay those fees. Defendant has a right to defend against this suit, and under § 523(d), defendant is entitled to whatever

is reasonable, no matter how costly it is. *Conant*, 2012 WL 177568, at *6 ("It would be too much to suggest that every § 523(d) fee request be less than the original amount in controversy. Where the debt is small, (say $10,000 or less), this could make defense of the action untenable, and thereby thwart the purpose of § 523(d). Rather, the reasonableness determination must be made on a case-by-case basis.") (quoting *Pusateri*, 432 B.R. at 208 (citations omitted)). Plaintiff caused the defendant's costs by filing deficient pleadings. It is nonsense to argue that, having initiated this action, somehow defendant needs to defend it on a shoestring budget.

 Nonetheless, I am uncertain whether the amount of time spent on this case was excessive. Reasonable attorney's fees should be judged by what the fee would be if a seasoned lawyer had done the work. *Bachman v. Pelofsky (In re Peterson)*, 251 B.R. 359, 364–65 (8th Cir. BAP 2000) *aff'd*, 13 Fed.Appx. 491 (8th Cir.2001) (a court may reduce the hourly rate and the number of hours worked in the fee application based on what was reasonable in a given case); *First Deposit Nat'l Bank v. Cameron, (In re Cameron)*, 219 B.R. 531, 542 (Bankr.W.D.Mo.1998) (in determining the reasonableness of attorney's fees in a § 523(d) context, "[t]he court can act as its own expert regarding the reasonableness of attorney fees.") (internal citation omitted); *Bankruptcy Law Manual* § 4:38. So, I am setting down for hearing argument on the question of precisely how much attorney's fees should be awarded, i.e. whether the amount sought (nearly $14,000) is too much for what was accomplished.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Defendant's request for an award of costs and reasonable attorney's fees pursuant to 11 U.S.C. § 523(d) is GRANTED.

2. The parties shall appear at on April 11, 2012 at 10:30 a.m., in Courtroom No. 7 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, to argue the unresolved issue of the reasonableness of the award of the attorney's fees requested. Plaintiff's attorney, Mr. Richard Ralston, shall appear in person, telephonic appearance privileges having been revoked.